## Hilton's Estate.

*Husband and wife—Marriage—Evidence—Presumption.*

1. Where a man marries in pursuance of a license, and dies about a year afterwards, his wife by such marriage is entitled to administration on his estate, as against another woman claiming that she was the wife of the decedent, if it appears that the claimant's proof of a former actual marriage of the decedent with herself depends on her own testimony and that of another interested witness, that the proof of general reputation as husband and wife, is contradicted by many witnesses who testified that the general reputation was that they were not married, that claimant was married to another man after the date of her alleged marriage to decedent, and was living with such man at the time of decedent's death. The fact that the decedent addressed a letter to the claimant as his wife, and that he started divorce proceedings against her, which he discontinued, are immaterial.

2. In such a case the marriage of decedent a year before his death to the woman with whom he was living at the time of his death and the marriage of the claimant to the man with whom she was living at the date of decedent's death, will both be presumed valid, and such presumption is not overcome by the evidence offered by the claimant.

Argued Oct. 11, 1918. Appeal, No. 49, Oct. T., 1918, by Albert J. Hilton et al., from decree of O. C. Washington Co., Feb. T., 1916, No. 20, dismissing appeal from Register of Wills granting administration to Sarah Hilton in Estate of Wallace J. Hilton. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Appeal from order of register of wills. Before McILVAINE, P. J.

*Error assigned* was decree dismissing appeal.

*John C. Bane,* with him *Oliver S. Scott,* for appellants. —If, when the decedent attempted to enter into the illegal marriage with Sarah McPherson on March 5, 1896, he had a wife living, such attempted marriage was utterly nugatory, and conferred no rights whatever upon Sarah McPherson: Thewlis's Est., 217 Pa. 307; Thomas v. Thomas, 124 Pa. 646.

*C. L. V. Acheson,* with him *George W. Scott* and *J. Boyd Crumrine,* for appellee.—Kizzie La Rue having testified positively to the performance of a marriage ceremony on May 8, 1881, she should not be allowed to rely on reputation and cohabitation to establish another marriage: Weatherford v. Weatherford, 56 Am. Dec. 206.

The presumption is in favor of the second marriage of Wallace Hilton: Wile's Est., 6 Pa. Superior Ct. 435; Senser v. Bower, 1 Penrose & Watts 450; Richardson's Est., 132 Pa. 292.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

Wallace J. Hilton, colored, died August 19, 1915, intestate and without issue. On March 5, 1896, Hilton married Sarah McPherson, pursuant to a license pre-

viously obtained in Washington County on October 29, 1895, and from the date of the marriage until decedent's death they lived together as man and wife. After Hilton's death Kizziah J. Hilton, claiming as surviving widow, filed in the office of the register of wills a renunciation of her right to letters of administration on Hilton's estate and requested the appointment of Albert J. Hilton, a brother of decedent. Other brothers and sisters of decedent joined in a similar request, and, on August 26, 1915, Sarah McPherson Hilton filed a caveat in the office of the register of wills notifying the register of her claim to the right to administer on the estate of her deceased husband and asking that letters be granted her. After hearing, the register refused to grant letters to Albert J. Hilton and subsequently appointed Sarah Hilton. From the register's ruling an appeal was taken to the Orphans' Court, which affirmed the decision of the register and subsequently overruled exceptions to the decree from which Albert J. Hilton and his brothers and sisters have appealed.

The testimony submitted on behalf of appellants establishes, and in fact it is not denied, that at the time Kizziah J. Hilton filed her renunciation in favor of Albert J. Hilton she was living as the wife of Charles Clark to whom she was married May 22, 1905, under a license issued by the Probate Court of Cuyahoga County, Ohio, in which she was named Jennie Hilton. So far as the documentary evidence is concerned we start with the fact that a marriage existed between Sarah Hilton and decedent at the time of the latter's death and also an existing marriage between Kizziah Hilton and Charles Clark, with whom she had been living since 1905. The presumption in favor of innocence requires us to assume that both marriages were valid: McCausland's Est., 213 Pa. 189; Wile's Est., 6 Pa. Superior Ct. 435.

To sustain their claim appellants undertook to prove the marriage between Kizziah Hilton and Charles Clark,

and also the marriage between Sarah Hilton and decedent, were void.   To accomplish this result Kizziah Hilton was called as a witness and testified she and Wallace Hilton were married at the home of his brother, George Hilton, on May 8, 1881, by a minister since dead; that the marriage was witnessed by three persons all of whom, with the exception of George Hilton, were dead; that a marriage certificate was given her but subsequently destroyed by Hilton and that they lived together in the marriage relation from 1881 to 1890, at which time they separated.   George Hilton, brother of decedent, testified the marriage took place at his home. and that subsequent to that time the parties lived together as husband and wife.   He also testified to having seen the marriage certificate and that it was signed by himself and others as witnesses and by the minister who performed the ceremony.   Two witnesses testified to having seen the marriage certificate hanging on the wall in the home of decedent.   Several other witnesses testified the parties lived together as man and wife and were recognized as such.   A letter written by Hilton, in which he addressed Kizziah as his wife was also offered in evidence; likewise the record of a libel in divorce by Wallace J. Hilton against "Kasie" Hilton filed in 1893 in the Court of Common Pleas of Allegheny County showing the original subpœna was returned unserved and an alias issued but no further proceedings taken. The evidence of reputation as husband and wife is contradicted by a number of witnesses, whose testimony was that, while the parties lived together for a number of years, the general reputation was that they were not married.   The mere fact that they were known to a few people as man and wife is not sufficient evidence to establish marriage.   Proof of reputation for such purpose must be general and not confined to a few persons in the immediate neighborhood, as the relation may be established merely for the purpose of deceiving others:

Bicking's App., S. C., 2 Brewster 202, 232. The evidence adduced of reputation was of little assistance to appellants' case, even as corroborative of testimony of actual marriage. As to the latter, the two witnesses who testified to the marriage ceremony were interested in proving invalid the marriage existing between decedent and Sarah Hilton. Kizziah Hilton is contradicted, in addition to the testimony of other witnesses, by her acts and declarations covering a period of many years, during which time she was living as the wife of another man and, consequently, her testimony is entitled to little consideration, as, to sustain her claim, she must prove the illegality of her subsequent marriage and show she intentionally committed the crime of bigamy. Every principal of decency and morals, as well as of law, should combine to estop her from thus establishing a right by setting up her own wrong: Richardson's Est., 132 Pa. 292; Wile's Est., supra. The mere fact that decedent wrote a letter to Kizziah Hilton addressing her as his wife is entitled to little weight as evidence of marriage especially in view of the subsequent conduct of both parties in contracting a second marriage, assuming such to be the case. Nor does the fact that decedent at one time began divorce proceedings against Kizziah Hilton, which were subsequently abandoned, materially affect the result as the fact of abandonment of the proceedings might have been due to having received advice that a divorce was not necessary as no marriage in fact existed. Every presumption is in favor of the validity of the marriage relation existing at the time of decedent's death between him and Sarah Hilton, as well as the validity of the marriage existing between Kizziah Hilton and Charles Clark and a review of the testimony fails to convince us that the court below erred in its conclusion in holding the presumption was not overcome by the evidence submitted on the part of plaintiff.

The decree of the court below is affirmed.