**PULLIAM v. CHURCHMAN et al.**

No. 13932—Opinion Filed May 26, 1925.

(Syllabus.)

**Bastards—Estate of Bastard—Exclusive Inheritance by Wife.**

Where an illegitimate person dies leaving a wife, but no issue, no mother, brother nor sister, and the putative father neither acknowledges nor adopts such child, the wife takes the entire estate of her husband to the exclusion of the heirs of the mother of such illegitimate.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Adaline Groves to determine heirship of estate of Sloan Roberts, deceased. On appeal to district court from county court, judgment was adverse to W. G. Pulliam, record claimant of lands of deceased through conveyance from wife of deceased, and he brings error. Reversed and remanded.

Trice & Davison, for plaintiff in error.

James R. Wood, for defendant in error.

LESTER, J. This action was originally instituted by Adaline Groves, nee Benton, by filing her petition in the county court of Coal county, Okla., wherein she alleged that one Sloan Roberts died intestate during the month of February, 1920, lawfully possessed of certain real property; that Sloan Roberts was married to one Stella Roberts, who was

still living. It is shown by the record that the property in question was the individual allotment of the deceased, Sloan Roberts; that he left a wife, but no issue, no father, no mother, no brother nor sister. It is agreed that the heirs, or next kin of the mother, were Lizzie Churchman et al. The wife claimed the entire estate of the deceased husband. The heirs, or next of kin of the mother of the deceased, claim the entire estate, for the reason that the deceased was an illegitimate. Upon hearing in the county court, the wife of the deceased prevailed, and the petitioners appealed to the district court, and upon a hearing in the district court, a different conclusion was reached. It was there decreed that the next of kin of the mother, deceased, should prevail to the exclusion of the wife of the deceased. Stella Roberts, the wife of Sloan Roberts, claims under by virtue of section 11301, Comp. St. 1921, which provides:

"When any person having title to an estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner. * * *

"Subdivision 5. If the decedent leave a surviving husband or wife, and no issue, and no father, nor mother, nor brother, nor sister, the whole estate goes to the surviving husband or wife. * * *"

The next of kin of the mother of Sloan Roberts claim under section 11304, Comp. St. 1921, which provides:

"Inheritance from Illegitimate Child. If an illegitimate child, who has not been acknowledged or adopted by his father, dies intestate, without lawful issue, his estate goes to his mother, or, in case of her decease, to her heirs at law."

This court is squarely presented with the question of the applicability of the said sections as applied to the facts. We have examined the authorities submitted by both parties to this action. The defendants in error lay emphasis on the construction given similar statutes in question in the case of In re Decigaran's Estate (Cal.) 8 Pac. 833, but we cannot agree with the conclusion reached in that case. In our judgment, the sections under which the parties claim are not necessarily conflicting. It is apparent that each relate to a separate and distinct situation and status. The statute relating to the adoption or acknowledgment of an illegitimate child by the father is clear, plain, and unambiguous, and in the event that such action is not taken by the putative father, section 11304 provides that if an illegitimate child, who has not been acknowl-

edged or adopted by the father, dies intestate without lawful issue, his estate goes to his mother, and in case of her death, to her heirs at law. We do not think that this section can be applied in this case in such manner as to deprive the wife of her right to take under section 11301, Comp. St. 1921, supra, even though the putative father fails to give recognition and adopt his illegitimate offspring. If such was the effect of section 11304, supra, it would place a penalty upon the wife by reason of and on account of the delinquency and moral wrongdoing of the father of Sloan Roberts. Certainly this result was never intended by the Legislature.

Section 11304, Comp. St. 1921, supra, does not specifically exclude the husband or wife from the enjoyment of the estate. Where an illegitimate marries, they enter upon and create a new social and obligatory status, and, as provided by section 11301, Comp, St. 1921, where any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will, it descends and must be distributed in the following manner: "If the decedent leaves a surviving husband or wife, no issue, no mother, nor sister nor brother, the whole estate goes to the surviving husband or wife." No exception is made in said statute as to an estate of an illegitimate; such an exception was not necessary. The object of the statute in depriving the father, or his heirs, from participating in the estate of his illegitimate offspring is on account of the uncertainty of the father's identity and his moral delinquency, and is a just and correct principle of the law, but the force of the rule cannot be held to apply to the husband or wife who has not participated in any moral wrong or social neglect of such illegitimate. An illegitimate is as capable of contracting marriage and of assuming its social and contractual obligations as any other citizen. As we view the statute, it undertakes to deprive only the putative father and his heirs at law from sharing the estate of an illegitimate, in case such father has not given legal recognition to his offspring, and is not intended to deprive others who are otherwise legally entitled to the same.

We therefore hold that Stella Roberts, the wife of the deceased, Sloan Roberts, is entitled to the entire estate of said Sloan Roberts. The judgment of the district court is therefore reversed and remanded, with directions to enter judgment for plaintiff in error in accordance with the views herein expressed.

NICHOLSON, C. J., and MASON, PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 7 C. J. p. 965 (1926 Ann.); anno. 23 L. R. A. 757; 24 A. L. R. 593.