## 12188

### MOORE v. ROBINSON *ET AL.*

#### (137 S. E., 697)

DOWER—WIFE VOLUNTARILY LEAVING HUSBAND AND MARRYING ANOTHER RELINQUISHED RIGHT TO DOWER AND TO DISTRIBUTIVE SHARE OF HUSBAND'S ESTATE (CIV. CODE 1922, §§ 5237, 5333).—Wife voluntarily leaving husband without sufficient legal excuse and subsequently marrying another man, without making diligent or reasonable inquiry to ascertain whether or not her lawful husband was living, *held* to have relinquished her right to dower and distributive share of husband's estate, in accordance with Civ. Code 1922, §§ 5237, 5333.

Before MANN, J., Greenville, September, 1925. Affirmed.

Action by Mary Jane Moore against A. D. Robinson and another. Judgment for defendants, and plaintiff appeals. Affirmed.

The order of the Circuit Judge, affirmed on appeal, is as follows:

"Mr. Foreman and gentlemen of the jury, the defendant has moved for a nonsuit or a directed verdict upon the grounds, substantially, that the evidence shows that, during the lifetime of Green Moore, the plaintiff married one Ira Williams, and that a separation with Green Moore was willingly made, and that she made no efforts to get him to come back or for a reconciliation. That is substantially the ground.

"After having heard the argument of counsel, in your absence, and after having fully considered the testimony before you, I feel compelled under the law and the evidence to hold that the plaintiff willingly separated and left her husband; and that by reason of her subsequent conduct, living

with and intermarrying with another man during the lifetime of her husband, she forfeited her right of dower and consequently her distributive share of his estate.

"When two people marry, they assume the marriage vows under the laws of South Carolina. The law, as I understand it, imposes a mutual obligation upon the contracting parties to the marriage, that each must reasonably do that which is necessary to get along and live together. It doesn't impose all the obligation on the one party and no obligation on the other. I think it is nothing but a reasonable interpretation of the law to assume that in all households certain differences may arise from various causes. The law doesn't expect everybody to get along absolutely perfectly and have no dissension; otherwise, there would be no continuous marriages on earth if the rule of perfect conduct was to be established. The law doesn't contemplate that the one or the other may be so bitterly disagreeable and make life so miserable that the one or the other may have to leave; and, in a case of that kind, if a man makes life so disagreeable, why the wife, whom he has agreed under the law to support and to make comfortable, if he makes conditions so intolerable that she, as a reasonable person, cannot live in his house or under his roof, then she would have a right to go away. That would be a virtual banishment from the household, and she would not forfeit her rights of dower and consequently her rights in his estate; but the testimony, as I see it here, is, these parties were living together as man and wife, and that she and the mother-in-law were not congenial, which caused her to go away, as she stated, by permission, and live away from his household and from under his roof; and, also, impliedly, if not positively, she relinquished her right of demanding the necessary obligation which the law imposed upon him.

"There is no evidence that she made any effort whatsoever after the date of the separation to require him to discharge the obligation of a husband to her; no evidence that she made

any effort to get him to return to his household, or to make him provide for her elsewhere a comfortable home. She stated that when they separated that he told her that she could do as she pleased—live there, or she could go and live with him—and she elected to leave him. The Court takes the view, under the testimony, that was a willing separation on her part, that was a willing leaving of her husband on her part and without a sufficient legal excuse. It doesn't amount to an abandonment on the part of the husband or a driving away, as contemplated by the statute, in such a way as to affect her dower rights or a distributive share in the estate. As the Court sees it, she did not discharge her duty as a wife to him as a husband, and the evidence is, further, that after she left she lived with another man, married him, and had children, and there is not any satisfactory evidence in the mind of the Court that she made diligent or reasonable inquiry at the time she married the second time to ascertain whether or not her lawful husband was living. I think that's a duty that the law imposed upon her. I do not think it is necessary, as a matter of law, that she willingly leaving and living with another man must be so intimately and closely related that they will constitute one act. If she did willfully leave and within a reasonable length of time, knowing that her husband was still alive and not having made effort for a reconciliation, or to get back into his home as his lawful wife, take up with and live with another man unlawfully—if she did that, and I think she did—I think that a substantial compliance with the requirement here under the statute.

"Of course, the relinquishment of dower would defeat the right of dower and consequently the distributive share of his estate, and I think, under all the testimony, Mr. Foreman and gentlemen of the jury, and the law, as I see it, the plaintiff has put herself without the law, and that the defendant

is entitled to a directed verdict on the first ground. The other ground I overrule.

"With reference to this Statute 5246, passed in 1920, while, of course, that could not affect any right that the plaintiff might have in the premises at that time, I do think it is an expression of the mind of the Legislature as to how this statute ought to be construed, especially with reference to the rule of evidence which ought to obtain, and to that extent the Court will accept the enlightenment that the statute gives it in this case."

*Messrs. Martin & Blythe,* for appellant, cite: *Admissibility of evidence as to mental feelings or attitudes:* Greenleaf on Ev. (16th Ed.), Sec. 162. *Forfeiture of dower:* Sec. 5237, Vol. 3, Code, 1922; 56 S. C., 173; 46 L. R. A., 517; 1 Bail., 312; A. & E. Enc. L., Vol. 10 (2nd Ed.), 200; 19 C. J., 504.

*Messrs. Mauldin & Love,* for respondents, cite: *Plaintiff barred of her dower right:* Secs. 5237, 5333, Code; 125 S. C., 401; 123 S. C., 488; 110 S. E., 398. *Cases distinguished:* 56 S. C., 173; 1 Bail., 312.

April 12, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

For the reasons stated by his Honor, M. M. Mann, Circuit Judge, it is the judgment of this Court that the judgment of the Circuit Court be affirmed, and, for the reason that taking the testimony of the plaintiff appellant to be true, she is not entitled to recover, under Sections 5237 and 5333, Vol. 3 Code of Laws 1922.

Affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER and ACTING ASSOCIATE JUSTICE WHITING concur.