## JAMES v. JAMES et al.

No. 18090.    Opinion Filed May 15, 1928.

Rehearing Denied July 3, 1928.

(Syllabus.)

**Divorce—Decree Granted Plaintiff not Subject to Be Set Aside at Suit of Her Second Husband After Her Death.**

Where a decree of divorce is granted and plaintiff therein marries again, and dies, her second husband cannot maintain an action to set aside such divorce decree.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Fidelis Che-She-Woh-Ke-Pah filed his motion in the District Court of Osage County to set aside a judgment and decree of divorce granted to plaintiff in the cause entitled Laura James v. Roy James. From the judgment of the court sustaining a demurrer to his evidence, movant appeals. Affirmed.

D. B. Horsley, for plaintiff in error.

H. C. Hargis and F. O. Yarbrough, for defendants in error.

PER CURIAM. A decree of divorce was granted to Laura James from her husband Roy James on the 10th day of November, 1914, in the district court of Osage county. On July 13, 1918, Laura James married Fidelis Che-She-Woh-Ke-Pah, plaintiff in error herein. Roy James married Josephine James, who appears with others as defendant in error. On January 10, 1924, Roy James died; and on May 10, 1926, Laura James died. After the death of Laura James and on the 14th day of October, 1926, plaintiff in error filed a motion in the district court of Osage county in the original action, Laura James v. Roy James, alleging he was the sole and only heir of his deceased wife, Laura James, praying that the judgment and decree of divorce dissolving the marriage relation between Laura James and Roy James entered on the 10th day of November, 1914, be vacated and set aside upon the grounds of lack of jurisdiction of the trial court. Notice was served upon the parties in interest, a hearing was had on said motion on November 3, 1926, at the conclusion of which the court sustained the demurrer of the defendants in error to the evidence offered in support of the motion to vacate the decree and entered an order denying said motion, from which order plaintiff in error has appealed to this court.

It appears to be the contention of the plaintiff in error that if he can succeed in having the divorce decree between Laura James and Roy James set aside, Roy James having died prior to the death of Laura James, said Laura James would inherit from Roy James, and plaintiff in error, being her husband at the time of her death, would inherit from her.

For the purpose of acquiring a bit of the property of Roy James, which he in no manner helped to acquire, plaintiff in error is

willing and seeks to make his deceased wife a bigamist from the time of his marriage to her to the time of the death of Roy James and make of himself an adulterer during such time, and after having indulged himself thus for a period of five and one-half years, upon the death of Roy James, assert himself the common-law husband of the woman he now seeks, after her death, to brand as a subject fit only to have been a social outcast; thereby depicting a most unusual mental contortion and producing a condition having support neither in equity, good morals, settled law, nor sound logic.

We need not enter into the question of whether or not the judgment is void, irregular, or erroneous, for the reason that an attack upon the judgment or decree of divorce cannot be maintained by the plaintiff in error herein.

In the case of Barnett v. Miller, 198 S. W. 873, the Supreme Court of the state of Arkansas laid down the following rule:

"Where plaintiff sued for and obtained a divorce, and both parties remarried, and eight years passed, and the husband left a widow and children, the plaintiff is estopped to ask annulment of the divorce on the ground that her husband forced her, by threats and intimidation, to get the divorce."

This rule is supported by the great weight of authority, and in 19 C. J., at p. 171, the rule is laid down as follows:

"Ordinarily the right to have an invalid decree set aside exists only in favor of the injured spouse. It follows, therefore, that the right does not exist in a person who is a stranger to the suit."

In this action Laura James procured the favorable consideration of the court in granting this decree in her behalf and accepted the benefits thereof by her marriage to the plaintiff in error, and continued to recognize the validity of said decree for more than two years after the death of her husband, Roy James. The plaintiff in error by his marriage to Laura James acknowledged the validity of the decree of divorce and continued without complaint to acknowledge this validity until after her death. We cannot conceive how the rights of the plaintiff in error after the death of Laura James could extend beyond the rights possessed by her during her lifetime in an attempt to set aside this decree.

"He has had the full benefit of his bargain. No one has questioned his title. * * * It is impossible to discover any grounds in law or morals upon which his complaint can stand."

The parties to the judgment did not complain and died accepting the benefits of such judgment and the aid they had received from the court. The plaintiff in error is a suitor without a cause of action, and his motion is rejected because he is not aggrieved. Rugar v. Heckel, 85 N. Y. 483; Lloyd v. Lloyd, 40 Pa. 595; Rawlins v. Rawlins, 18 Fla. 345.

The action of the trial court in denying plaintiff in error's motion was proper, and its judgment rendered therein is affirmed.

Note.—See 19 C. J. p. 171, §426.