IN RE ESTATE OF BENJAMIN H. KUENZLI.
ANNA E. WERDER v. CHARLES LUSCHER AND OTHERS.[1]

December 29, 1944.

No. 33,859.

*Julian E. Morten,* for appellant.
*Flor & Reim* and *Clague & Ryerson,* for respondents.

THOMAS GALLAGHER, JUSTICE.

On August 3, 1943, the probate court of Redwood county made its final decree of distribution in the estate of Benjamin H. Kuenzli, deceased. Subsequently, on March 13, 1944, the district court made findings and conclusions in effect upholding the probate decree. This appeal is from an order denying the motion of Anna E. Werder for amended findings and conclusions or a new trial.

[1]Reported in 17 N. W. (2d) 309.

Decedent was the illegitimate son of Lena Kuenzli. He died intestate on August 7, 1942, without issue, spouse, parents, or brothers and sisters surviving him. His mother had died intestate prior thereto on September 26, 1940. As her sole issue, Benjamin inherited all her property.

At the time of her death, Lena Kuenzli left surviving her also the following:

Charles Kuenzli ) her brother.

Anna E. Werder ) her sister.

Bertha Kuenzli ) her sister, who died intestate on November
) 17, 1941, without issue or parents surviv-
) ing her and whose heirs hence are other-
) wise the same as those of Lena Kuenzli.

Helen K. Conterno ) adopted daughter of Emil Kuenzli, her
) brother.

Charles Luscher ) children of Margaret Mueller, her sister.
Ed Luscher )
Emma Mueller )

Ruby Orth ) children or grandchildren of Gottlieb
Marion Kuenzli ) Kuenzli, her brother.
Bernard Kuenzli )

May Carter ) children of Mary Luscher, her sister.
Alfred Luscher )
Lincoln Luscher )
Addie Hollingsworth )
Walter Luscher )
Ethel Holmes )

Ellen Luscher Johnson) grandchildren of Mary Luscher, her sister.
Nellie Luscher Elliott )
Ernest Luscher )
Lawrence Luscher )

The decree of distribution here under attack decreed Benjamin H. Kuenzli's estate as follows:

An undivided 1/6 thereof to Charles Kuenzli, brother of decedent's mother.

" " 1/6 " to Anna E. Werder, sister of decedent's mother.

" " 1/6 " to Helen K. Conterno, adopted daughter of Emil Kuenzli, brother of decedent's mother.

" " 3/18 " in equal shares to Charles Luscher, Ed Luscher, and Emma Mueller, sole surviving issue of Margaret Mueller, sister of decedent's mother.

" " 3/18 " in equal shares to Ruby Orth, Marion Kuenzli, and Bernard Kuenzli, children and grandchildren of Gottlieb Kuenzli, brother of decedent's mother.

" " 6/48 " in equal shares to Mary [May] Carter, Alfred Luscher, Lincoln Luscher, Addie Hollingsworth, Walter Luscher, and Ethel Holmes, sole surviving children of Mary Luscher, sister of decedent's mother.

" " 1/48 " to Ellen Luscher Johnson, daughter of Fred Luscher, son of Mary Luscher, sister of decedent's mother.

" " 3/144 " in equal shares to Nellie Luscher Elliott, Ernest Luscher, and Lawrence Luscher, grandchildren of Mary Luscher, sister of decedent's mother.

Section 525.173 provides:

"If any illegitimate child dies intestate and without spouse or

issue who inherit under the law, his estate shall descend to his mother, or in case of her prior decease to her heirs other than such child."

Appellant contends that § 525.16(4)(e), in conjunction with § 525.173, governs the distribution of Benjamin's estate, and that thereunder appellant and Charles Kuenzli, as closest of kin to him, should receive the entire estate in equal portions. Section 525.16(4)(e) provides:

"If there be no surviving issue, spouse, father, mother, brother, sister, nor issue of any deceased brother or sister, then in equal shares to the next of kin in equal degree, except that when there are two or more collateral kindred in equal degree claiming through different ancestors, those who claim through the nearest ancestor shall take to the exclusion of those claiming through an ancestor more remote."

Respondents contend, and the probate and district courts determined, that § 525.16(4)(d), in conjunction with said § 525.173, as applied to the heirs at law of Lena Kuenzli, mother of decedent, governs the distribution herein. Section 525.16(4)(d) provides:

"If there be no surviving issue, spouse, father nor mother, then to the surviving brothers and sisters, if any, and to the issue of any deceased brother or sister in equal shares if all are of equal degree and, if not, then in equal shares to those in the nearest degree and by right of representation to those in a more remote degree."

In substance, the issue here is whether § 525.16(4)(e) applies to § 525.173 and requires that distribution should be made under said sections to the heirs of decedent, or whether § 525.16(4)(d) applies to § 525.173 and requires that the heirs of the mother be ascertained and determined under § 525.16(4)(d) and distribution be made to such heirs under the latter section.

■ Section 525.173 was enacted by the legislature for the purpose of changing the common-law rule that an illegitimate had no heirs

except of his issue, and that neither his mother nor other kindred were entitled to inherit from him. Reilly v. Shapiro, 196 Minn. 376, 265 N. W. 284; 7 Am. Jur., Bastards, § 150. The language of said statute is clear and definite and leaves no room for construction. Thereunder, we cannot escape the conclusion that decedent's property goes to the heirs of the mother under § 525.16(4)(e) and that the probate court and the district court properly construed said statutes and based their decrees accordingly.

Counsel for appellant asserts that if the trial court's construction is adopted, as a result the distribution of the estate of an illegitimate child may differ materially from that of a legitimate child. While this may be true, we must conclude that the legislature intended this result. As the court stated in In re Estate of Galbraith, 210 Minn. 356, 358, 298 N. W. 253, 254:

"* * * Descent of property is entirely with the legislature. It is not for the courts to question the justice or propriety of the descent as to any heir or class of heirs or next of kin. The court should only search for the intention or meaning of the legislature when the wording of the statute is obscure."

█ It is plain that § 525.16(4)(d) controls and determines descent of the property through Lena Kuenzli, as she had brothers and sisters surviving her at the time of her death. This being true, § 525.16(4)(e) has no application. As the court stated in McDonnall v. Drawz, 212 Minn. 283, 287, 3 N. W. (2d) 419, 421, 141 A. L. R. 970:

"* * * Section 8992-29(4), [§ 525.16(4)], provides for distribution to the members of the classes mentioned in subds. (a) to (e). * * * The right of each class to inherit is preferred to the exclusion of others in the order enumerated in the statute. Successive classes take only after the exhaustion of all prior ones. The classes enumerated in each of the subds. (b) to (e) are entitled to take only 'if there be no' persons entitled to take under preceding subdivisions, each subdivision being introduced by the quoted words."

Our conclusion here finds support in other states where there are statutes similar to the Minnesota statute. Thus, in Delaware the statute provides:

"* * * When an illegitimate person dies intestate and without lawful issue, his property, real and personal, * * * shall pass, and belong to the mother, if living, and in case of her death, to her heirs, subject always to the payment of debts and demands against such illegitimate person or persons, and to expenses of administration." Rev. Code Delaware, 1935, § 3573.

In construing this statute, the Delaware court held in Magee v. Chambers, 17 Del. Ch. 45, 55, 147 A. 306, 310:

"* * * if Wilbert White [the intestate illegitimate] had himself left a will giving all of his estate to the heirs of his mother, thereby adopting the law of descent as the expression of his own testamentary wish, the heirs of his mother whom the law would regard as having been intended by him would be those persons answering that description at the time of his death when the will came into operation."

A reference to this subject is contained in 10 C. J. S., Bastards, § 29c, wherein it is stated:

"Under some statutes, the estate of an illegitimate child who survives his mother and who dies intestate, unmarried, and without issue, goes to the mother's heirs at law, or next of kin, or to the relatives on the part of the mother. * * * The word 'heirs,' as used in a statute providing that the property of an illegitimate child shall pass to the 'heirs' of the mother in case of her death includes those persons on whom the law would cast title to the mother's estate by way of descent if she should die intestate. Under such statute those persons who would be the heirs of the mother do not take the property of the illegitimate in right of the deceased mother, but they take by virtue of being the persons designated by the statute to take the intestate property of the illegitimate, and the date of the death of the illegitimate, rather than the date of

the death of the mother, is the date which fixes the time for the ascertainment of the persons who would be the heirs of the mother, and, as such, entitled to the estate of the illegitimate."

See, also, Darrough v. Davis, 135 Okl. 263, 275 P. 309; In re Olson's Estate, 54 S. D. 184, 223 N. W. 41.

Applying these principles to the statutes here involved, we hold this estate must be distributed to the brothers and sisters of Lena Kuenzli and to the respective issue of her deceased brothers and sisters by right of representation, as provided in § 525.16(4) (d), and that the probate court's decree of distribution, as well as the district court's findings and conclusions, must be affirmed.

Affirmed.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.