66 So.2d 274 (1953)
DOHERTY
v.
TRAXLER et al.
Supreme Court of Florida Special Division B.
June 23, 1953.
Scofield & Fitzpatrick, Inverness, for appellant.
*275 Clara Floyd Gehan and Jenkins & Jenkins, Gainesville, for appellees.
MATHEWS, Justice.
This is a case of first impression in this State.
The appellant claims the naked legal right of a surviving husband to be appointed administrator of his deceased wife's estate and to receive the proceeds of the estate as the sole surviving heir, even though it is shown conclusively that the marriage was never consummated by cohabitation; that the husband only stayed on the farm of his deceased wife for a period of twenty-four hours after the ceremonial marriage and immediately thereafter left for parts unknown; went through a bigamous marriage ceremony with another woman and, according to his own testimony, lived happily with her in bigamy for a period of twenty years, and was still living with her at the time he instituted this proceeding.
The appellees contend that the conduct of the so-called surviving spouse is so reprehensible, selfish and contrary to good morals and public policy as to show that he comes into Court with unclean hands, and is estopped to claim or assert any rights as the surviving spouse.
The law concerning right to the property by order of succession is F.S. § 731.23, F.S.A., which reads in part as follows:
"The real and personal property of an intestate shall descend and be distributed as follows:
"(1) To the surviving spouse and lineal descendants, the surviving spouse taking the same as if he or she were one of the children.
"(2) If there are no lineal descendants, to the surviving spouse.
"(3) If there is no surviving spouse, to the lineal descendants.
"(4) If there is none of the foregoing, to the father and mother equally, or to the survivor of them.
"(5) If there is none of the foregoing, to the brothers and sisters and the descendants of deceased brothers and sisters."
The law concerning preference in appointment of administrator is F.S. § 732.44, F.S.A., reading in part as follows:
"In the granting of letters of administration, the following preference shall be observed:
"(1) The surviving spouse shall first be entitled to letters.
"(2) The next of kin, at the time of the death of the decedent, shall next be entitled to letters.
* * * * * *
"(6) After letters of administration have been granted, if any person who is entitled to preference over the person appointed and upon whom citation was not served and who had not waived his preference seeks the appointment, letters granted may be revoked, and such person may have letters of administration granted to him after citation and hearing upon his application." (Emphasis supplied.)
The facts in this case are undisputed. In 1928 Gertrude Hammond Baxley, after a correspondence courtship of short duration, married Ezekiel Doherty, which marriage, Doherty admits, was never consummated by cohabitation or otherwise and that he only stayed on the farm that one night and left the next day. He married her for the purpose of acquiring an interest in her property. They discussed the matter at length immediately after the marriage ceremony and could not agree. Doherty left for parts unknown. The record shows no proof of any kind that Gertrude Hammond Baxley ever obtained a divorce from Doherty. She died without ever having seen him again. On the morning of July 3, 1950 Gertrude Hammond Baxley was brutally murdered. Her only heir at law was her brother, Williams Hammond, 82 years of age, in poor health, in need of constant care and medical attention and had been dependent upon his sister for financial and physical assistance. Gertrude Hammond Baxley left a sizeable estate, part of which she inherited from her parents, and the most of which had been accumulated by her own efforts and thrift. Doherty never contributed to her support in any way whatsoever and made no contribution *276 toward the accumulation of the estate.
The invalid brother requested the appointment of Mrs. Traxler of Gainesville, Florida, as administratrix. Mrs. Traxler is his cousin. Letters of administration were duly issued to Mrs. Traxler on July 17, 1950. The administration proceeded on the assumption that the brother, Williams Hammond, was the sole heir. A man by the name of Tom Williams, of Williston, claimed that he remembered about the marriage of Gertrude Hammond Baxley to Doherty and in some manner, undisclosed by the record, located Doherty, who was living happily in Miami, Florida, with the woman with whom he had entered into a ceremonial bigamous marriage in Ft. Lauderdale in 1931. Doherty and Tom Williams made a deal whereby Doherty gave Williams a quitclaim deed to all of his right, title and interest in the estate of Gertrude Hammond Baxley in consideration of the sum of $1,500. The value of the estate is between $15,000 and $20,000. At the request and instigation of Tom Williams, Doherty filed a petition before the County Judge of Levy County, sixteen months later, wherein he alleged that he was the sole heir of Gertrude Hammond Baxley, and prayed for the removal of Felicia Traxler as administratrix, and for his appointment as administrator. He appeared in Court and claimed these rights under the provisions of the statutes hereinabove quoted.
In due course the County Judge entered an order finding that Doherty was the surviving spouse of Gertrude Hammond Baxley, deceased, and as such was entitled to Letters of Administration on her estate and removed Mrs. Traxler as administratrix. Mrs. Traxler, as administratrix of the estate, and Williams Hammond, brother of the decedent, entered their appeal to the Circuit Court of the Eighth Judicial Circuit in and for Levy County, Florida. On August 18, 1952, after considering all of the testimony, and after a full hearing, the Circuit Judge entered an order reversing the County Judge and in said order, among other things, stated:
"3. Doherty learned of the death of Gertrude Hammond Baxley through one Tom Williams. For the sum of Fifteen Hundred Dollars ($1500.00) he sold to Williams all of his right, title and interest in and to the Baxley estate. Apparently, it was in the bargain that Doherty would take over the estate as administrator.
"4. On November 26, 1951, Doherty filed his petition for the removal of the administratrix and substitution of himself as administrator, asserting that as the surviving spouse he was the sole heir at law of Gertrude Hammond Baxley, deceased, and therefore entitled to preference as personal representative of the estate.
"5. Under the circumstances recited, Ezekiel Doherty is estopped to claim the estate of his deceased spouse, Gertrude Hammond Baxley, as her sole heir at law, and he is not entitled to letters of administration upon her estate, or to object to the granting of administration to another. (See: Williams v. Johnston (148 Miss. 634), 114 So. 733; 71 A.L.R. 285; 21 Am.Jur. 409, Sec. 63.)."
This appeal is prosecuted from the above order of the Circuit Judge. There is no question that Ezekiel Doherty's claim to the right of being appointed administrator of the estate is based solely upon F.S. § 732.44, F.S.A., and his right to the property is based on F.S. § 731.23, F.S.A. Both rights, that is, the right to the property and the right of preference in the appointment of an administrator, are based upon Doherty's claim that he is the surviving spouse and as such, the sole heir of the decedent. Such claims cannot be separated.
Although this case presents a new question in this State, the same question has been presented and decided in other states. There is a splendid annotation in 71 A.L.R. 285, in which the author states:
"Desertion or abandonment is generally held to be a bar to any right to share in the estate of the deceased spouse."
From the authorities cited by the author, it is clear that his introductory statement is based upon the doctrine of estoppel.
One of the leading cases on the subject is that of Minor v. Higdon, Miss., 61 So.2d 350, *277 353. In that case the Supreme Court of Mississippi said:
"* * * the question presented for our decision at this time is whether Zelma was entitled to be recognized as the surviving widow and only heir-at-law of the deceased, or whether she was estopped by her conduct from claiming the rights of a surviving widow of the deceased, including the right to inherit his property and estate, as against Roberta.
"In our opinion Zelma was estopped by her conduct from claiming the rights of a surviving widow of the deceased. Zelma admitted in her own testimony that she had contracted a ceremonial marriage with Clarence Robinson in 1923 without obtaining a divorce from her former husband from whom she had been separated only a few months, and that she had lived with Clarence Robinson and had cohabited with him as his wife thereafter for a period of approximately ten months. She testified that she did not know at the time of her second marriage that Will had not obtained a divorce from her. But this was no excuse for her contracting a bigamous marriage relationship with a second husband. Zelma did know that Will was still alive, and that he was living in the same or an adjoining county, and that she had not obtained a divorce from him, and that she had not been served with a summons in any divorce proceeding that he may have instituted against her. Zelma's marriage to Clarence Robinson under these circumstances constituted a complete repudiation of her marital status as the wife of Will Minor."
See also, Israel v. Arthur, 18 Colo. 158, 32 P. 68; Darrough v. Davis, 135 Okla. 263, 275 P. 309; Mohler v. Shank's Estate, 93 Iowa 273, 61 N.W. 981, 34 L.R.A. 161; Moore v. Robinson, 139 S.C. 393, 137 S.E. 697; In re Hilton's Estate, 263 Pa. 16, 106 A. 69; Malone v. Cannon, 215 La. 939, 41 So.2d 837.
This proceeding is in the nature of an equitable proceeding. The appellant comes into Court with unclean hands. He shows by his own testimony that he has openly, brazenly and flagrantly violated the laws of God and man and every principle of right, justice, decency, public policy and sound morals. For twenty years he lived happily (by his own admission) with his bigamous wife and is still living happily with her. He shows no shame and offers no excuse or apology. He now seeks the aid of a Court of conscience, in an equitable proceeding, to assist him in obtaining the fruits of a commercial venture which culminated in an uncompleted and unconsummated ceremony and which he abandoned for the joys and pleasures of a life of his own choosing. No Court should aid or assist him in such a nefarious scheme. Because of his conduct, as disclosed by this record, he is now and forever estopped and barred from asserting any right to be appointed administrator of the estate of Gertrude Hammond Baxley, deceased, or to inherit said estate.
Affirmed.
ROBERTS, C.J., DREW, J., and PARKS, Associate Justice, concur.