SAMUEL BRYAN & Wife *v.* GEORGE H. BATCHELLER.

An adulterous elopement from the husband, without reconcilement, is no bar to dower in Rhode Island: the 34th section of the statute of Westminster 2d, 13 Edw. I., never having been introduced here.

THIS was an action of dower, the declaration in which claimed dower for one of the demandants (the other being her husband) in the homestead estate of the late Ebenezer Wood, in North Providence, alleging her coverture with said Ebenezer whilst he was seised of said estate.

The second plea alleged, that the female demandant, in the lifetime of her husband, the said Ebenezer, left him of her own will and choice, and eloped from him with the other demandant, to Huntingdon, in the State of New York, and there, afterwards remained a long time in adultery with him to the end of the life of the said Ebenezer, and that said Ebenezer was never, in his lifetime, reconciled to her.

To this plea there was a general demurrer and joinder.

*James Tillinghast,* for the demandants.

1. This plea is bad as a bar to the action. Elopement and adultery are no bars to dower at common law. 2 Inst. 435;

2 Blackst. Com. 130; *Reynolds* v. *Reynolds*, 24 Wend. 194, (Bronson, J.); *Hetherington* v. *Graham*, 6 Bing. 135, (Tindall, C. J.); 19 Eng. Com. Law, 32.

2. They became so only by statute of Westminster 2d, ch. 34, (13 Edw. I.,) which never was introduced into this state. It is not included in the statutes introduced by the Digest of 1767, (p. 55.) That enumerates among the statutes introduced here, " Westminster the second, *de donis conditionalibus;* " and it cannot be pretended this embraced, or was intended to embrace, anything more than the first chapter of that statute, the only one that at all concerns " estates upon conditions." Compare 1 Eng. Stat. at. Large, 163, 164, *et seq.;* 6 Jacob's Law Dictionary, 163; 4 Kent's Com. 11; 2 Blackst. Com. 112; 1 Washb. Real Property, 67, 608, 680, Index.

3. But if by any construction this chap. 34 can be held ever to have been introduced here, it was repealed by the Digest of 1798, (p. 77,) especially when taken in connection with the statute of dower then enacted, (p. 244.) Under this statute the only bar of dower was *the deed* of *the wife.* Sect. 1. And this has continued our statute of dower in precisely the same language (only in later revisions a jointure being also added as a bar) to the present time; see Digest of 1822, p. 188, § 1; Digest of 1844, p. 188, § 1; Rev. Sts. of 1859, p. 503, § 1; particularly when taken in connection with the repealing acts of 1822. Dig. of 1822, pp. 64, 65; Dig. of 1844, p. 61; Rev. Sts. p. 633; by the last of which " all acts, and parts of acts, the *subjects whereof* are revised and reënacted in this revision, . . . shall be repealed from and after," &c. Clearly, therefore, the *subject* of *dower* being revised and reënacted in that revision, all other acts concerning dower are thereby repealed. Dower, therefore, remains in this state as at common law, so far as respects the question now before the court. See *Reynolds* v. *Reynolds*, 24 Wend. 193.

*Hart*, for the tenant.

1. The plea, though not good at common law, is good under the statute of Westminster 2d, 13 Edw. I., ch. 34; 4 Kent, pp. 52, 53, and notes; Greenleaf's Cruise, vol. 1, pp. 170, 199, top paging; Title 6, ch. 1, § 17; Title 6, ch. 4, §§ 4–8, and notes.

2. The statute of Westminster 2d was specially introduced in

the colony of Rhode Island before the Declaration of Independence, and is now a part of the common law of the state. Digest of 1767, p. 55 ; Rev. Sts. ch. 245, p. 632.

BOSWORTH, J. The question arises in this case upon demurrer to the defendant's plea. The point raised is, whether elopement of a wife and living in adultery, without reconcilement with the husband, bars a claim for dower under the law of this state ?

The statute of this state provides, (Rev. Sts. ch. 202,) that the widow of any person dying intestate, or otherwise, shall be endowed of one full and equal third part of all the lands, tenements, and hereditaments, whereof her husband, or any other to his use, was seised of an estate of inheritance, at any time during the intermarriage, to which she shall not have relinquished her right of dower by deed, except in cases provided for in the 21st section of the chapter. The section containing the excepted cases provides, that real or personal estate conveyed by deed, or devised or bequeathed by will, for the jointure of the wife, in lieu of her dower, to take effect in her own possession immediately upon the death of the husband, and to continue during her life, or in fee, determinable by such acts only as would forfeit her dower at common law, shall bar dower.

The statute, therefore, provides of what, and to what extent, the widow shall be endowed, and also by what acts, and by what means, she shall be barred of her dower.

It is claimed, in this case, that there is a forfeiture. There is no forfeiture, of such a character as is here set up, provided by the Revised Statutes. Such a forfeiture did not exist at common law, and the only ground on which it is now put is, that by the English statute of Westminster 2d it is enacted, that elopement and living in adultery, without reconcilement to the husband, is made a forfeiture to bar the widow of her dower.

We do not think that such a bar to dower ever existed in this state, or that such a ground of forfeiture was ever recognized by our law. Statutes regulating dower were first passed in this state, or first appear, in the digest of the laws in 1798. Prior to that time, the statute of Merton had been introduced into the colony ; and the statute of Westminster 2d, *de donis*

46 *

*conditionalibus.* The former of these was an English statute relating to dower; and the latter a statute relating to estates upon condition. The counsel has fallen into the error of supposing that the whole of the statutes of Westminster 2d were adopted; whereas the enumeration, referred to by him, shows, that only the statute *de donis,* which is the first chapter of those statutes, was introduced into our laws. It is chapter 34 of the statute of Westminster 2d, 13 Edw., that makes provision for this forfeiture. It may, at first, seem singular that our law should be so regardless of what seems so just and reasonable a ground of forfeiture. The common law, however, did not regard elopement and adultery as a forfeiture, even where the parties were divorced, unless the divorce was *a vinculo.* A reason for this state of our law may, however, be found in the nature of our decree of divorce, which was, we believe, always when for this cause, *a vinculo.* The statute of divorce was passed in 1748, while that of dower was passed in 1790; so that the cause of forfeiture, under the statute of Westminster, was cause for divorce *a vinculo,* under our statute, since 1748. Under the statute of Westminster, a reconcilement and living with the husband, after the fact, would reinstate the wife in her right of dower; and if, after the fact was known to the husband, under our law, he took no steps to procure a divorce, as he might if he saw fit, by which his wife would be effectually barred of all right to claim dower in his estate, the wife seems always to have been left, by our law, in the same condition as she would be under the 34th chapter of Westminster 2d, by a reconcilement and living with her husband. This plea must, therefore, be overruled, as no bar to the claim of the demandants.