MARTIN *v.* SWANTON.

The last clause of section 16, chapter 202 of the General Laws, relating to a husband's rights in the real estate of his deceased wife, is not repealed by chapter 37 of the acts of 1879.

PETITION FOR PARTITION. Lewis A. Linscott and Gertrude Linscott married in 1870. No child was born to them. Mrs. Linscott died intestate in 1885, seized in fee of the land of which partition is sought. She left surviving her no child, nor the issue of any child. Mr. Linscott died in 1887. Before 1877, and for more than three years prior to the death of his wife, Mr. Linscott willingly abandoned and absented himself from her, failed to support and maintain her, and was not heard from by her in consequence of his own neglect. The plaintiff is the heir at law of Mr. Linscott. The defendant has the title of the heirs at law of Mrs. Linscott.

*W. S. Pierce*, for the plaintiff.

*F. B. Osgood*, for the defendant.

CARPENTER, J.   " The husband of any person deceased, holding
property in her own right, shall be entitled to his estate by the
curtesy in all lands and tenements owned by her, when he would
be entitled to hold as tenant by the curtesy at common law."
G. L., *c.* 202, *s.* 14.

" The husband of any person deceased, testate or intestate, leav-
ing any child by him, or the issue of any child by him, surviving
her, by waiving the provisions of the will, if any, in his favor, and
releasing his estate by the curtesy, shall be entitled, in fee, to one
third part of all her real estate remaining after the payment of
debts and expenses of administration ; if she shall not leave sur-
viving her any child by him, or the issue of any child by him, and
he has no estate by the curtesy, he shall be entitled during life to
one third part of all the real estate of which she died seized ; but
if she shall not leave surviving her any child, or the issue of any
child, he shall be entitled, in fee, to one half of all her real estate
remaining after payment of debts and expenses of administra-
tion."   G. L., *c.* 202, *s.* 16.   Section 15 provides that the husband
shall be entitled to a portion of his deceased wife's personal prop-
erty.   Upon his wife's decease, Lewis Linscott took in fee one half
the land in question under the last clause of section 16, unless it
is repealed by the act of July 18, 1879, which provides that " the
husband of any person deceased, in case she dies intestate, or if
she dies testate and no provision is made for him in her will, shall
not be entitled to her estate by the curtesy in any lands and ten-
ement owned by said deceased, nor to any portion of her personal
property remaining after the payment of her debts, if he shall
have willingly abandoned and absented himself from the deceased,
or wilfully neglected to support and maintain her, or shall not
have been heard from, in consequence of his own neglect, for the
term of three years next preceding her death."   Laws of 1879,
*c.* 37.   The act relates solely to the husband's estate by the cur-
tesy, and to his rights in the personal property of his deceased
wife.   It is not necessary to consider what effect, if any, it may
have upon the first and second clauses of section 16.   The plain-
tiff claims under the last clause, by which the husband is entitled
to one half of all his deceased wife's real estate, after payment of
debts and expenses of administration.   This right is not affected
by the enactment depriving him of his estate by the curtesy.
Whether in addition to one half of the real estate in fee the hus-
band might in the absence of the act of 1879 be entitled to his
estate by the curtesy, is a question which does not arise.   The
legislature may have seen satisfactory reasons for taking away
from the deserting husband his estate by the curtesy, and rights
to personal property, without at the same time depriving him of
the rights conferred by section 16 in the realty of his deceased
wife.   However this may be, the language of the act is explicit.
The legislative will as expressed cannot be disregarded.   *Weeks* v.

*Waldron*, 64 N. H. 150. The words "by the curtesy" cannot be stricken out and "any" substituted for "her," as the defendant in substance contends, making the act read "the husband . . . shall not be entitled to any estate in any lands," etc. To do so would be not construing but making the statute.

*Judgment for the plaintiff.*

SMITH, J., did not sit : the others concurred.