Hillsborough, }.
Oct. 6, 1914. }

### ATTORNEY-GENERAL (*ex rel.* WILLIAM H. MORGAN) *v.* CHARLES C. HAYES & a.

In the election of a member of the board of public works for the city of Manchester, the mayor has authority to veto the action of the aldermen.

PETITION for *mandamus*, to require the board of public works of the city of Manchester to recognize the relator as a duly elected member thereof. Transferred without a ruling from the May term, 1914, of the superior court by *Pike*, C. J., upon an agreed statement of facts.

Chapter 359, Laws 1911, created a board of public works for the city of Manchester and provided that upon the expiration of the terms of office of the members named in the act their successors should be elected by the board of mayor and aldermen for six years. At a meeting of the board of mayor and aldermen held April 21, 1914, five aldermen voted for the relator as a member of the board of public works to fill an existing vacancy, and four aldermen voted for another candidate. The mayor vetoed the action of the aldermen, and the veto was laid on the table. The relator subsequently qualified as a member of the board, but his demand to be allowed to assume the duties of the office was refused.

*L. Ashton Thorp* and *George A. Wagner* (*Mr. Wagner* orally), for the relator.

*Jones, Warren, Wilson & Manning* (*Mr. Jones* orally), for the defendants.

PLUMMER, J.   The members of the board of public works in the city of Manchester, except the mayor, who is a member by virtue of his office, are elected by the board of mayor and aldermen.   Laws 1911, *c.* 359, *s.* 2.     Section 7, chapter 47, Public Statutes, provides that the mayor "shall have a negative upon the action of the aldermen in laying out highways and in all other matters; and no vote can be passed or appointment made by the board of aldermen over his veto unless by a vote of two thirds at least of all the aldermen elected."

A statute is ordinarily construed according to the plain and natural import of its words, and this state favors a liberal construction of statutes.   *Barnstead* v. *Alton*, 32 N. H. 245; *Boston etc. R. R.* v. *Railroads*, 65 N. H. 393.   Applying such a construction to this statute, the mayor of Manchester has power to veto the election of members of the board of public works.   In *Attorney-General* v. *Cross*, 75 N. H. 541, the overseers of the poor of Nashua were elected by the board of mayor and aldermen, the same as the members of the board of public works in Manchester.   It was decided that the mayor could not vote for an overseer of the poor, but that he could veto an election to that office by the aldermen.

The relator cites *People* v. *Councilmen*, 20 N. Y. Supp. 51, and *Achley's Case*, 4 Abb. Pr. 35, in support of his contention.   The first case decided by a divided court that the mayor could not veto the action of the city council, in joint session, fixing the salary of the police commissioners.   One reason for this decision was because the statute gave the city council, in joint session, the sole power to fix the salary.   It was also held that the mayor did not have a veto over the actions of the board of aldermen and board of councilmen when acting together as the city council, as they did in that case, but only when they acted separately.   In *Achley's Case*, the mayor of New York vetoed the appointment by the common council of a commissioner of deeds.   The court held that the mayor did not have the power to veto because the power of appointment was conferred by statute on the common council exclusively.

It will be seen that these decisions do not sustain the position of

the relator, as they are founded upon special statutes in the state of New York, giving the city and common council exclusive power to act. They are similar to *Cate* v. *Martin,* 70 N. H. 135, cited by the relator, where it was held that the mayor could not veto resolutions passed by the board of aldermen, declaring the petitioner a member of the board. The decision is based upon the statute (P. S., *c.* 48, *s.* 11) which makes the board of aldermen the final judge of the election and qualification of its members. The mayor has no part in passing upon the election or qualification of an alderman.

This case is very different. Here there is no statute, as there was in the above case, taking from the mayor his power to veto the actions of the aldermen. On the contrary, by special act of the legislature the board of mayor and aldermen elect the members of the board of public works. The mayor must participate in the election; but if the contention of the relator that the mayor has no power to veto were sound, then the mayor could take no part in the election, for *Attorney-General* v. *Cross* decided that the mayor cannot vote. This demonstrates that the claim of the relator is untenable.

The veto of the mayor being valid, the relator fails of election. It is therefore unnecessary to consider his eligibility for the office.

                                                  *Petition dismissed.*

All concurred.