Merrimack,  }
Nov. 8, 1916. }

## HATTIE A. COLSTON *v.* BOSTON & MAINE RAILROAD.

Lack of ordinary care by a railroad, whereby injury is caused to a known trespasser
    upon its right of way after the statutory notice, does not, as matter of law, con-
    stitute "willful or gross negligence" within the meaning of Laws 1899, *c.* 75.
Words in a statute are to be construed according to the common and approved
    usage of language unless they have acquired a peculiar and appropriate meaning
    in the law.

CASE and TRESPASS, for personal injuries. The plaintiff, a
trespasser upon the defendants' tracks at West Lebanon, was struck
and injured by the defendants' car. A notice complying with *c.*
75, Laws 1899, forbidding trespass was posted by the defendants
before and at the time of the plaintiff's injury, May 5, 1913. The
plaintiff knew of the notice. Trial by jury and verdict for the
defendants. Transferred from the April term, 1916, of the superior
court by *Chamberlin,* J.

The car was a caboose which was "kicked" westerly over the
track upon or near to which the plaintiff was walking in an easterly
direction. A brakeman named Crowe was riding on the west end
of the caboose with his hand on the brake, ready to make a quick
stop, and he saw the plaintiff, but the evidence as to how far she
was from the car when he saw her, and as to the speed of the car
and as to the distance within which the car could be stopped was
conflicting.

The plaintiff excepted (1) to the refusal to instruct the jury that,
"as the phrase 'willful or gross negligence' is to be applied in this
case it means, merely, that the plaintiff must prove the defendants'
brakeman on the car saw her in a place of danger, and that she
apparently did not know the car was coming, and that he could then
have prevented the injury by using ordinary care;" and (2) to the
charge as follows: "Plaintiff excepts to charge that under the evi-
dence gross or wilful negligence means anything more than the
omission of ordinary care to avoid injuring plaintiff after Crowe saw
her and that she did not know the car was coming."

The court charged the jury, in part, as follows: "Wilful is
another word, but it is not used to describe a different degree of
carelessness. . . . [The statute] meant conduct that directly
resulted in the accident, and a determination, whether formed on
the instant or reasoned out by a process of logic, which was inten-

tional conduct  .  .  .  The lawful meaning of the term 'willful,' as used in the statute, is illustrated by the following: willfully done; knowingly done, but with utter disregard of the consequences to those whom it is known will be affected by the act."

*Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Demond* orally), for the defendants.

PARSONS, C. J.  "Section 1.  If any person shall without right enter upon or remain in any right of way, tracks, yard, station ground, bridge, depot, or other building of any railroad, when notice has been posted forbidding such trespass, he may be fined not exceeding twenty dollars; and no right to enter or be upon any railroad track shall be implied from custom or user however long continued.

"Sect. 2.  If any person shall be injured while engaged in any act prohibited by section 1 of this act, neither he nor his executor or administrator·shall have any cause of action against the railroad company for damages arising from such injury unless the injuries are occasioned by the willful or gross negligence of the railroad or its employees."  Laws 1899, *c.* 75.  The application of the act to the plaintiff's cause of action is not disputed.  Her only ground of recovery is that her injuries were "occasioned by the willful or gross negligence of the railroad or its employees" within the meaning of the legislature.  The only question discussed is as to the meaning of the words "willful or gross negligence."

The question of the plaintiff's care was taken out of the case by the instruction that there was no evidence she was careless.  The only question presented by the failure to give the requested instruction and the special exception to the charge is whether, under certain circumstances, lack of ordinary care as matter of law constitutes wilful or gross negligence.  This does not raise the question whether under the circumstances Crowe might not have been found guilty of wilful or gross negligence, a question which was plainly submitted to the jury, but asks for the determination of the question as matter of law.  Negligence is a question of fact.  This proposition has been adhered to despite strenuous effort to have certain acts, or the failure to act under certain circumstances, declared negligence as matter of law.  *Gahagan* v. *Railroad*, 70 N. H. 441, 444–447.  In

this state of the law it is probable that if the legislature had intended to declare certain acts under particular circumstances "willful or gross negligence" the definition would have been made in plain terms.

Words in a statute are to be construed according to the common and approved usage of the language unless they have acquired a peculiar and appropriate meaning in the law. *Opinion of the Justices,* 73 N. H. 626; P. S., *c.* 2, *ss.* 1, 2. This was the theory of the charge. *Gross* was interpreted as great, and the theory of conscious knowledge attached to the word *wilful* in the plaintiff's request was adopted in the instructions. The legislature plainly intended to change the law. To claim that the intent was to require greater care of railroads who posted the required notice would be an absurdity. Hence the only change that could have been intended is one which requires them, when such notice has been posted, to exercise for protection from liability a degree of care less to some extent than that which had been required as the law had been administered. If there is logical absurdity in the terms wilful and gross negligence, there is no such difficulty in defining care. There are degrees in care if not in negligence. 18 Harv. Law Rev. 536.

To hold that the defendants are liable for failure to exercise "ordinary care,"—the rule at common law,—would abolish the statute. An attempt to determine what evidence would authorize a finding of liability under the statute would be *dicta,* if not legislation, and is not now undertaken.

*Exceptions overruled.*

All concurred.