Hillsborough, }
Dec. 2, 1919. }

### CHARLES M. FLOYD & a. *v.* MOISE VERRETTE, *Mayor.*

The mayor of the city of Manchester is not authorized by its amended charter (Laws 1915, c. 302, s. 3) to suspend the superintendent of its waterworks who has been duly appointed by the water commissioners pursuant to Laws 1871, c. 70, s. 5.

Words in a statute are to be construed according to the common and approved usage of the language unless they have acquired a peculiar and appropriate meaning in the law.

A meaning cannot be given to a statute that is plainly repugnant to its terms.

BILL IN EQUITY, to restrain the defendant from interfering with the superintendent of the Manchester waterworks in the performance of his duties. The plaintiffs are the duly elected water commissioners of Manchester, and the defendant is the mayor of the city, who by virtue of his office is also a member of the board of water commissioners. The water commissioners appointed James H. Mendell superintendent of the waterworks, and he held that position when this controversy arose. June 2, 1919, the defendant, as mayor, notified Mendell that he was indefinitely suspended, and that upon the receipt of the notice suspending him, he should thereupon and thereafter cease to take or have charge of the waterworks. Upon the allegations in the bill, the injunction was granted by *Branch,* J., and the defendant excepted.

Transferred from the May term, 1919, of the superior court, by *Allen,* J.

*Taggart, Tuttle, Wyman & Starr (Mr. Wyman* orally), for the plaintiffs.

*Thomas H. Madigan, Jr., Cyprien J. Belanger* and *George A. Wagner (Mr. Belanger* orally), for the defendant.

PLUMMER, J. It is the contention of the defendant that section 3 of chapter 302 of the Laws of 1915 confers upon him as mayor of Manchester the power to suspend the superintendent of the Manchester waterworks. This section is as follows:

"The mayor, in addition to other powers now conferred upon him, shall have authority over and be charged with the responsibility for the official conduct of all other city officials, agents, employees, or other persons who are now or may hereafter be appointed or elected by the mayor, the board of mayor and aldermen, the board of common council, or the city councils, and shall have general supervision and control over the expenditure of all money appropriated by said city, and shall have all the power and authority necessary to properly carry out and enforce the provisions of this act and all other acts relating to the powers and duties of the mayor, which shall include the power to suspend or otherwise discipline, as the mayor shall deem advisable for the best interests of the city."

By the unequivocal terms of this statute the mayor's power of suspension is limited to city officials, agents, employees, or other persons who are now or may hereafter be appointed or elected by the mayor, the board of mayor and aldermen, the board of common council, or the city councils. The superintendent of the waterworks being appointed by the board of water commissioners (Laws 1871, c. 70, s. 5; Manchester Laws & Ord. (ed. 1909), c. 36, s. 3), the statute invoked gives to the mayor no power to suspend him. The words of the act are clear and unambiguous, and giving them their plain and natural import (Attorney-General v. Hayes, 77 N. H. 358) there can be no doubt that the interpretation here placed upon the statute is correct.

"Words in a statute are to be construed according to the common and approved usage of the language unless they have acquired a peculiar and appropriate meaning in the law." Colston v. Railroad, 78 N. H. 284; State v. Railroad, 76 N. H. 146, 149; Opinion of the Justices, 73 N. H. 625, 626; P. S., c. 2, ss. 1, 2.

The statute explicitly and positively indicates that the mayor does not have the authority of suspension with respect to the office of the superintendent of the waterworks, and "the legislative will as expressed cannot be disregarded." Martin v. Swanton, 65 N. H. 10, 11. In the construction of a statute a meaning cannot be given it that is plainly repugnant to its terms. Brotherhood Accident Co. v. Linehan, 71 N. H. 7, 12. The interpretation of this act in com-

pliance with the demands of the defendant would clearly be repugnant to the language of the statute.

*Exception overruled.*

All concurred.