BROWN, administrator, *v.* PARKS *et al.*

PARKS *v.* PARKS *et al.*

# 714

Nos. 7104, 7126.   January 15, 1930.

*Brown & Brown, J. D. Stewart, J. Wightman Bowden,* and *A. S. Clay,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.

BECK, P. J.   Nannie Parks brought her petition against Harvey L. Brown as administrator of W. L. Parks, deceased, alleging that she is the widow of W. L. Parks, and lived with him for approximately twenty-five years, until the time of his death; that during his life and while she was living with him as his wife, she constantly worked and earned wages, and out of her earnings she had accumulated sufficient money to buy a home in Atlanta and to deposit a considerable amount of money in a savings bank; that all of the money paid on said house and lot and all the money on deposit in the savings bank was her money and was derived from her earnings; that the house and lot were purchased and paid for by her, but when the purchase-price was completely paid, through error and mistake, and without her knowledge and consent, the deed was made to her husband, and record title to the property was in him at the time of his death; that as a result of her having paid the entire purchase-price there was a resulting trust, and W. L. Parks held the property as trustee for petitioner, without his having any beneficial interest in it; that the defendant was appointed administrator on the petition of Eva Templeman, who averred in her application that she was the wife of W. L. Parks, but petitioner alleges that Eva Templeman is not and never was the legal wife of W. L. Parks, and therefore that Brown is not legally qualified as administrator of the estate, and she prays that he be removed as

such and that an administrator be appointed in his stead; that Eva Templeman has, in three different instances, claimed to be the widow of other men, and has collected insurance for the estates of these men subsequently to the time she claims to have married W. L. Parks; that the whole proceeding under which the defendant was appointed administrator was an effort to defraud petitioner of her property and to secure the estate for Eva Templeman; that the defendant is threatening to take possession of the property, and has threatened petitioner with arrest in the event she should not surrender it to him; and that without the intervention of a court of equity petitioner will be irremediably and irreparably injured.

The plaintiff amended her petition. In the amendment facts are set forth more in detail, to show that the appointment of Brown as administrator was obtained by fraudulent representations made to the court of ordinary by Eva Templeman, who claimed to have been the legal wife of W. L. Parks by a marriage that took place before the marriage by Parks to the petitioner, who claims that if Parks was ever married to Eva Templeman this marriage had been dissolved. Petitioner sets forth many alleged acts and a long course of behavior upon the part of Eva Templeman (or Parks), which she alleges are inconsistent with the claim of the latter that she had been the legal wife of W. L. Parks and was his widow. Petitioner claims that if the marriage between W. L. Parks and Eva Templeman had not actually been dissolved, nevertheless petitioner is entitled to recover certain real estate on the ground that her money paid for it, though the title was taken in the name of W. L. Parks. She insists that she is entitled to recover certain sums of money as damages which she had sustained on account of having allowed wages which she had earned to be used in the purchase of certain real estate, and other sums, to be placed in bank in the name of W. L. Parks. She thought she was the legal wife of W. L. Parks, and W. L. Parks thought she was his legal wife. After alleging certain acts on the part of Eva Templeman, such as her marriage to other men and collecting life-insurance upon their deaths, petitioner claims that Eva Templeman (or Parks) is estopped from claiming any of the estate of W. L. Parks as his widow, even if she had been married to him prior to the date of the marriage of petitioner with Parks. Eva Parks was made a party defendant to the suit.

Brown, administrator, and Eva Parks filed general and special demurrers. The court sustained the demurrer to the paragraph of the petition which claimed that a certain lot of land was petitioner's by virtue of the fact that her money had paid for it, and that the title was taken in the name of W. L. Parks, and that there was a resulting trust. The general demurrer to the petition as amended was overruled. Brown, administrator, and Eva Parks excepted separately. The two cases are decided together, as the same important and controlling questions are involved in both cases.

■ The court did not err in overruling the general demurrer to the petition. If Nannie Parks, the petitioner, was the legal wife of W. L. Parks, and the appointment of Brown as administrator was procured by the false and fraudulent representations of Eva Parks to the ordinary, the judgment appointing Brown as administrator should be set aside. This is not a collateral attack upon the judgment of the court of ordinary, but a direct attack, and an appeal to a court of equity to annul and set aside that judgment for fraud —fraud practiced upon the court itself. If the petitioner can establish by competent evidence that she was the legal wife of W. L. Parks, Eva Templeman (or Parks) had no interest in the estate of the deceased, and the administrator who procured his appointment by the false and fraudulent representations to the court, made by the woman at whose instance he was appointed, should not be allowed to further handle the estate and should be compelled to give up that which he has taken into his possession.

■ Headnotes 2 to 7, inclusive, require no elaboration, and are rulings upon grounds of demurrer which are made by the intervenor in the case.

■■ In paragraphs 2, 3, 4, and 5 of the amendment to the petition the plaintiff sets forth the fact that Eva Parks claimed to have married W. L. Parks in the year 1890, that is, prior to the marriage of petitioner with W. L. Parks; and then, in connection with this claim of Eva Parks, numerous facts are alleged, relative to the conduct of Eva Parks, such as her having been married to two other men and having collected life-insurance when one of them died, and other facts showing misconduct upon the part of Eva Parks, which petitioner claims was inconsistent with the idea that Eva Parks was the wife of W. L. Parks. These paragraphs were demurred to upon

the ground that the matters there set forth were irrelevant and immaterial. This demurrer was overruled. We are of the opinion that in so far as these paragraphs of the petition set up the fact that Eva Parks had married other men subsequently to the date of her marriage to W. L. Parks (if she was ever married to him), they were demurrable. The gist of the plaintiff's action in this case lies in the allegation that she was the lawful wife of W. L. Parks, and that Eva Parks was not his lawful wife. If Eva Parks had been married on the date alleged to W. L. Parks, she continued to be his wife notwithstanding her alleged unlawful conduct in marrying or cohabiting with other men and in claiming the insurance upon the life of one of these men when he died; and this unbecoming and unlawful conduct upon the part of Eva Parks did not destroy her status as the wife of W. L. Parks, so as to prevent her asserting the rights of a wife to the property of the deceased husband. Nor can it be held that Eva Parks, by this unbecoming and unlawful conduct, was estopped, as against the plaintiff, from asserting her claim to the property of the decedent and procuring the appointment of an administrator. If she had been actually married at the date alleged to W. L. Parks and that marriage remained undissolved, though in the interval between her marriage and the death of her husband she might have been guilty of conduct which would have authorized her husband to procure a divorce,—if the husband did not repudiate her and did not procure a divorce, she was, under the law, still his wife when she died, with the right to dower, year's support, and other rights based upon her marital relations to the deceased; and if she was the only heir, she was entitled to all of his estate, subject, of course, to the claims of creditors. It follows that all matters set up as estoppel against Eva Parks should have been stricken upon demurrer. This ruling covers demurrers to paragraphs of the petition other than those specially referred to, where such additional paragraphs seek to set up the same or other matters of estoppel.

It is unnecessary to consider the demurrers to the parts of the petition upon which is based a claim by the petitioner that on account of the investment of the proceeds of the labor of the latter in certain property described there was a resulting trust, as the court below held that there was no resulting trust shown, and that ruling is not excepted to.

In the petition it is alleged, that, because of the marriage relation between petitioner and W. L. Parks, petitioner permitted her own money, approximately $2500, to be placed in a bank account standing in the name of W. L. Parks; that this money is now claimed by Eva Templeman, who calls herself Eva Parks; that the action of Eva Templeman in concealing from the petitioner the fact that she was the lawful wife of W. L. Parks, if in fact she was such, "is the direct cause of the damage and loss by petitioner of the said sum of money in bank and the value of said property, if it should be held that Eva Templeman is the lawful wife of W. L. Parks, and if the court does not, for other reasons, hold that petitioner is entitled to said money and said real estate." It is also alleged that Eva Templeman is insolvent, and if she establishes her legal marriage to W. L. Parks and deprives petitioner of her property, "the said damage has been caused by the act of the said Eva Templeman, and petitioner should recover from her the amount of the loss so sustained." Other facts are alleged, showing that Eva Templeman (or Eva Parks) had injured and damaged petitioner. Petitioner alleges further that she has a claim against the estate of W. L. Parks in the sum of $4500, arising out of the following facts: "The said W. L. Parks contracted a marriage with the plaintiff by holding himself out to be a single man and able to contract a legal marriage. It is now contended that the said marriage was illegal, because there was at that time and has ever been another living wife, to wit, Eva Templeman, who now calls herself Eva Parks. If this fact is true and is established by this court, then the said W. L. Parks committed a grievous wrong upon the plaintiff by living with her as husband and wife when as a matter of fact their marriage was illegal at law and wrong in morals. The plaintiff had no notice of these facts; and defendant Eva Templeman did know the facts, if her allegations now made are correct. The said W. L. Parks has damaged this petitioner in the sum of $4500 by the loss of property, and by permitting her to remain in this illegal and illicit marriage." This part of the petition was demurred to upon the ground, among others, that it set forth a new and distinct cause of action. The court overruled this demurrer. We are of the opinion that it should have been sustained. The original suit was a suit to set aside the judgment of the court of ordinary appointing Brown administrator, because

of a fraud practiced on the court; and the prayers of that petition were for an order removing the defendant as administrator, and that the rights to certain property described be declared to be in petitioner.  In that part of the petition which we quoted last, petitioner seeks to recover in an action of tort for the wrongs and injuries done her by Eva Templeman and W. L. Parks.  This new and distinct cause of action could not be added by amendment to the original petition, and the demurrer thereto should have been sustained.

*Judgment reversed in both cases.  All the Justices concur.*