OPINION
Albina Torres and Simon Hernandez were married in the Republic of Mexico on or about the 17th day of May 1904, and lived there together for about ten years. Hernandez then deserted and abandoned his wife Albina without any sufficient cause and cohabited with another woman. Albina was left in destitute circumstances, and about four years later one of her brothers went to Mexico and brought her to Las Vegas, Nevada. She was entirely without means or property of any kind. After deserting his wife, Hernandez did not at any time communicate with or see her, nor contribute anything for her support. She died in the fall of 1937, leaving and estate of approximately $6,600, which was her separate property, having been earned and accumulated by her after she was abandoned and deserted by Hernandez, who did not at any time assert any interest therein, but allowed her to appropriate to her own use all of said earnings and accumulations.
Besides said husband, the deceased left surviving her a sister Julia and two brothers, Cruz and Justo. The Eighth judicial district court, Clark County, issued letters of administration to Cruz and Julia, who in February 1941 filed their final account, report and petition for distribution, wherein the sister and brothers were named as the next of kin and only heirs at law, and the *Page 158 
court was asked to distribute the residue of the estate "to the persons entitled thereto."
On March 1, 1941, said Simon Hernandez filed written objections to said petition for distribution upon the grounds that the estate left by the deceased is community property, having been acquired by her subsequent to said marriage, and that he is the surviving husband and sole heir at law of said Albina Torres. The sister and brothers filed a written answer to said objections, setting forth that the estate is separate property, and that if there ever was a marriage between said Albina Torres and Simon Hernandez (which they deny), he is estopped in equity from inheriting any of her said estate, because he abandoned and deserted her, left her in destitute circumstances, was not her husband in fact and in truth for nearly forty years, and wholly failed to support or maintain her during all of that period.
After hearing upon said objections and the answer thereto, the trial court found the facts as set forth in the first paragraph of this opinion, and ordered the objections overruled upon the grounds that the estate is separate property, and that objector is estopped to claim or take any portion of said estate by reason of his said misconduct and failure to support his said wife, and his failure in every respect to meet the duties, obligations, and liabilities of a husband, all without cause. Thereafter said court distributed all of the residue of the estate to the said sister and brothers of the deceased. This appeal has been taken by the husband from the trial court's order and decree insofar as they exclude appellant from any inheritance and distribute all the estate to the sister and brothers. It is his contention that one half of the residue of the estate should be distributed to him.
Respondents admit that ordinarily appellant would take one half of decedent's estate under that provision of the second subdivision of sec. 9859 N.C.L. 1929 which reads, "If he or she shall leave no issue, nor *Page 159 
father, nor mother, * * * one-half of the separate property of the intestate shall go to the surviving husband or wife, and the other half thereof shall go in equal shares to the brothers and sisters of the intestate * * *." But they contend in support of the trial court's decree: 1. That to said sec. 9859 there is an implied exception which bars a husband guilty of desertion and abandonment from inheriting any part of the separate property of his deceased wife. 2. That appellant is also barred from such inheritance by reason of his misconduct, under the doctrine of equitable estoppel.
In support of their argument that a husband guilty of desertion and abandonment of his wife cannot inherit any part of her separate estate under the provisions of said sec. 9859 N.C.L. 1929, they cite sec. 3364 N.C.L. 1929, as amended, Stats. of Nev. 1935, chap. 110, p. 232, and section 1 of chap. 198, Stats. of Nev. 1937, pp. 417, 418, the former relating to the disposition of community property on the death of either spouse, the latter to the disposition of such property upon the death of the wife. Said two sections read as follows, respectively:
"Upon the death of either spouse the entire community property belongs, without administration, to the survivor, except that in case the husband shall have abandoned his wife and lived separate and apart from her without such cause as would have entitled him to a divorce, the half of the community property subject to the payment of its equal share of the debts chargeable to the estate owned in community by the husband and wife, is at her testamentary disposition in the same manner as her separate property, and in the absence of such disposition goes to her descendants equally, if such descendants are in the same degree of kindred to the decedent; otherwise, according to the right of representation; and in the absence of both such disposition and such descendants, goes to her other heirs at law, exclusive of her husband."
"Upon the death of the wife the entire community *Page 160 
property shall vest, without administration, in the surviving husband, except that in case the husband shall have abandoned his wife and lived separate and apart from her without such cause as would have entitled him to a divorce, the half of the community property subject to the payment of its equal share of the debts chargeable to the estate owned in community by the husband and wife, is at her testamentary disposition in the same manner as her separate property, and in the absence of such disposition goes to her descendants equally, if such descendants are in the same degree of kindred to the decedent; otherwise, according to the right of representation; and in the absence of both such disposition and such descendants, shall vest in her other heirs at law, exclusive of her husband."
1. It may well be that if the matter had been called to the attention of the legislature, that body would before now have incorporated in sec. 9859 N.C.L. 1929, an exception similar to those contained in the statutory provisions last quoted; but we are satisfied that if this court should read such an exception into sec. 9859, it would be encroaching upon the field of the legislature. Clark v. Clark, 17 Nev. 124, 130, 28 P. 238; Nolan v. Doss, 133 Ala. 259, 31 So. 969; Meyers' Adm'r. v. Meyers,244 Ky. 248, 50 S.W.2d 81; Crawford on Statutory Construction, sec. 168; 25 R.C.L., p. 1023.
2. The great weight of authority is against respondents' contention that appellant is barred by his misconduct from taking any part of decedent's estate. Wilson v. Randolph, 50 Nev. 371,261 P. 654; In re Estate of M.D. Foley, 24 Nev. 197, 213,51 P. 834, 52 P. 649; Cox v. Cox, 95 Okla. 14, 217 P. 493, 34 A.L.R. 432; Somers v. Somers, 27 S.D. 500, 131 N.W. 1091, 36 L.R.A., (N.S.) 1024; Wooten v. Carmichael, Tex. Civ. App., 267 S.W. 344; Newland v. Holland, 45 Tex. 588; In re Meredith's Estate,279 Mich. 298, 272 N.W. 683; Meyers' Adm'r. v. Meyers, supra; Parks v. Parks, 169 Ga. 712, 151 S.E. 340, 71 A.L.R. 271; Nolan v. Doss, supra; Vreeland's Executors v. Ryno's Executor, *Page 161 26 N.J. Eq. 160, 163; Stegall v. Stegall, 22 Fed. Cas., p. 1226; 26 C.J.S., Descent and Distribution, sec. 59, p. 1077; 18 C.J. 857, "Descent and Distribution," sec. 100; 14 Cyc. 83, 84.
Respondents rely upon Arthur v. Israel, 15 Colo. 147,25 P. 81, 10 L.R.A. 693, 22 Am. St. Rep. 381; Richeson et al. v. Simmons, 47 Mo. 20; and an annotation in 71 A.L.R. 277, at pages 285, 286. In said annotation, at page 285, it is said that "Desertion or abandonment is generally held to be a bar to any right to share in the estate of the deceased spouse." Six of the seven jurisdictions cited to support this proposition (Connecticut, Indiana, New Hampshire, North Carolina, Pennsylvania and West Virginia) have express statutory provisions barring a surviving spouse guilty of desertion or abandonment from sharing in the estate of the deceased spouse. The case cited from the other of said jurisdictions (In re Miller's Estate,158 Cal. 420, 111 P. 255) was also decided in the light of certain statutory provisions, and did not lay down or approve the proposition that in the absence of statutes to the contrary, desertion, abandonment, nonsupport or adultery will bar the right of inheritance of the offending spouse. It may also be observed that in Re Newman's Estate, 124 Cal. 688, 57 P. 686, 687, 45 L.R.A. 780, the court, referring to the Colorado case relied upon by respondents, said this: "The case of Arthur v. Israel,15 Colo. 147, 25 P. 81 [10 L.R.A. 693, 22 Am. St. Rep. 381], was a hard case, and perhaps was well disposed of. There is nothing in it which has any bearing upon this case. The matter of succession is purely statutory, and it would be better for the legislature to provide for such cases, which may arise anywhere, rather than put the court to the necessity of such logic to do justice."
In Arthur v. Israel, supra, a wife, without cause, deserted her husband to live in adultery with another man, whom she married after learning that her husband had procured a divorce from her. Thereafter, and following the death of her first husband, she *Page 162 
brought suit to have the divorce decree adjudged void for want of proper service of process so that she could claim the estate as his widow and sole heir. The court held that while the divorce decree was void, the wife, having attempted to profit by it and having exercised the resulting privilege of remarriage would not be permitted to question the validity of the divorce decree for the mere purpose of obtaining property. In the case at bar there was no divorce and no remarriage. In the Colorado case the court did not decide that where there is no divorce or remarriage desertion and adulterous conduct will, in the absence of statute, operate to bar the offending surviving spouse from inheriting any part of the estate of the deceased spouse. Whether the court would have reached the conclusion it did had there been no divorce or remarriage does not appear; it does, however, affirmatively appear that the decision was not based on misconduct alone, but upon the further consideration that the offending wife, after accepting the fruits of a void decree, was seeking to avoid the same in order to place herself in a position to inherit the estate of her lawful deceased husband. In any event this court, as has been seen, has aligned itself with the decided weight of authority in holding that wrongful conduct, however reprehensible, will not bar a guilty surviving spouse from inheriting the estate of the deceased spouse, or such portion thereof as is given him or her, under the plain provisions of the statute of descent and distribution.
The Missouri case, Richeson v. Simmons, supra, was also a case in which there was a divorce and remarriage. It was a suit for specific performance and did not involve any question of inheritance or any statute of descent and distribution.
3, 4. Respondents contend that appellant should not be permitted on this appeal to urge that he is entitled to one-half of the estate of the deceased, for the reason that in the lower court he based his objections upon the ground that decedent's estate was community property *Page 163 
and that he was therefore the sole heir and entitled to have the whole of the estate distributed to him. He should not, they argue, be permitted to present his case to this court on a theory other than that upon which the case was tried in the district court. They also point out that appellant did not file any reply or other pleading to their answer, and contend that their plea of equitable estoppel therefore stands admitted.
Respondents say that appellant based his position in the trial court entirely upon the proposition that the estate was community property. Such is not the case. His primary allegation, denied by respondents, was that he was the surviving husband of the deceased, and the trial court so found. Respondents have not complained of this finding on this appeal.
The issue as to whether the estate was community or separate property was decided against appellant; but he accepted the court's finding on this issue, and does not question it on this appeal, which is based on a different question entirely. Under these circumstances appellant is not to be considered as having violated the rule which does not permit a party, on appeal, to assume an attitude inconsistent with or different from that taken by him at the hearing below.
5. Referring finally to appellant's failure to file a reply to respondents' answer: It is not necessary to decide whether it was necessary for appellant to file a reply to the new matter in the answer, because the controversy regarding such new matter was one purely of law. Appellant's complaint on this appeal is not with the facts alleged by respondents and found by the trial court in support of the plea of equitable estoppel. His grievance grows out of that court's conclusion that those facts operated to bar him from any inheritance in decedent's estate. His failure to file a reply could not in any event be deemed an admission that said facts constituted an equitable estoppel.
The order and decree appealed from, insofar as they exclude appellant from any inheritance or participation *Page 164 
in decedent's estate and distribute all of said estate to her sister and brothers, are reversed, and the district court is directed to modify said decree by distributing one half of the residue of said estate to appellant, one sixth thereof to decedent's sister, and one sixth thereof to each of her brothers.