113 So.2d 205 (1959)
Eleonora KREISEL, Appellant,
v.
Alfred INGHAM, as Administrator of the Estate of Elizabeth Kreisel Ingham, deceased, Appellee.
No. 911.
District Court of Appeal of Florida. Second District.
May 20, 1959.
Rehearing Denied June 25, 1959.
Robert M. Sturrup, Sturrup & Gautier, Miami, for appellant.
William J. Pruitt, Pruitt & Pruitt, Miami, for appellee.
ALLEN, Acting Chief Judge.
This case is an appeal from the County Judge's Court of Broward County sitting in probate.
The appellant, Eleonora Kreisel, is a sister of the decedent. Alfred Ingham, as administrator, is the appellee, who was the husband of decedent.
The litigation below and in this court is whether the sister or the husband of the decedent should inherit decedent's property.
The appellant filed in the probate court a petition for the removal of Alfred Ingham as administrator of the estate of Elizabeth Kreisel Ingham, deceased, and to estop him from inheriting the estate of the deceased; for the appointment of the appellant as administratrix; and a determination that she was the sole heir of the decedent.
The appellant states the point involved on appeal as follows:
"Whether the County Judge erred in granting Respondent's Motion to Dismiss the petition for removal of administrator etc."
The county judge held that Alfred Ingham was entitled to remain as the administrator of the estate of Elizabeth Kreisel Ingham, his deceased wife. The contention of the appellant, the sister of the decedent, is that the appellee-husband, as administrator, is estopped from claiming the property of the deceased wife alleging that she had secured a separate maintenance decree against him in 1942 in which she was allowed the sum of $25 per week as support and maintenance but which was reduced to $15 per week on November 23, 1943; that the said husband, Alfred Ingham, *206 was some $216 in arrears as of September 1, 1943, and subsequent thereto he left Miami and was not seen or heard of until after the decedent's death some 14 years later.
The appellant relies solely on the case of Doherty v. Traxler, Fla. 1953, 66 So.2d 274, as authority to support her contentions. In this case the facts are fairly well set forth in the headnote of the case, to wit:
"Proceeding by decedent's husband, who alleged that he was the sole heir of decedent, and prayed for removal of administratrix, and for his appointment as administrator. * * * The Supreme Court, Mathews, J., held that where plaintiff married decedent for admitted purpose of acquiring interest in her property, and, 24 hours after the marriage, which was never consummated by cohabitation, plaintiff left for parts unknown, went through a bigamous marriage with another woman, and lived happily with her in bigamy for period of 20 years, and was still living with her at time of institution of present proceeding, petitioner, because of such conduct, was estopped and barred from asserting any right to be appointed administrator of decedent's estate, or to inherit such estate."
In the Court's opinion in Doherty v. Traxler, supra, it was said:
"This proceeding is in the nature of an equitable proceeding. The appellant comes into Court with unclean hands. He shows by his own testimony that he has openly, brazenly and flagrantly violated the laws of God and man and every principle of right, justice, decency, public policy and sound morals. For twenty years he lived happily (by his own admission) with his bigamous wife and is still living happily with her. He shows no shame and offers no excuse or apology. He now seeks the aid of a Court of conscience, in an equitable proceeding, to assist him in obtaining the fruits of a commercial venture which culminated in an uncompleted and unconsummated ceremony and which he abandoned for the joys and pleasures of a life of his own choosing. No Court should aid or assist him in such a nefarious scheme. Because of his conduct, as disclosed by this record, he is now and forever estopped and barred from asserting any right to be appointed administrator of the estate of Gertrude Hammond Baxley, deceased, or to inherit said estate."
In the Court's opinion in the case of Doherty v. Traxler, supra, there is cited the Mississippi case of Minor v. Higdon, 215 Miss. 513, 61 So.2d 350, 353, in which the Mississippi Supreme Court said:
"* * * the question presented for our decision at this time is whether Zelma was entitled to be recognized as the surviving widow and only heirat-law of the deceased, or whether she was estopped by her conduct from claiming the rights of a surviving widow of the deceased, including the right to inherit his property and estate, as against Roberta.
"In our opinion Zelma was estopped by her conduct from claiming the rights of a surviving widow of the deceased. Zelma admitted in her own testimony that she had contracted a ceremonial marriage with Clarence Robinson in 1923 without obtaining a divorce from her former husband from whom she had been separated only a few months, and that she had lived with Clarence Robinson and had cohabited with him as his wife thereafter for a period of approximately ten months. She testified that she did not know at the time of her second marriage that Will had not obtained a divorce from her. But this was no excuse *207 for her contracting a bigamous marriage relationship with a second husband. Zelma did know that Will was still alive, and that he was living in the same or an adjoining county, and that she had not obtained a divorce from him, and that she had not been served with a summons in any divorce proceeding that he may have instituted against her. Zelma's marriage to Clarence Robinson under these circumstances constituted a complete repudiation of her marital status as the wife of Will Minor."
In volume 26A C.J.S. Descent and Distribution § 59 Forfeiture of Rights, p. 641, the author cites Mississippi as the one jurisdiction where it has been stated without reference to any statute that desertion or abandonment is a bar to a right to share in the estate of a deceased spouse.
It is stated in 26A C.J.S. Descent and Distribution § 59 Forfeiture of Rights, (b) Abandonment, Adultery, and Nonsupport, as follows:
"As a general rule, unless a statute provides otherwise, the fact that one spouse has been guilty of abandonment or adultery, or the fact that the husband failed to support his wife, does not bar the right of the erring spouse to succeed to the other's estate."
The order of the county judge, from which this appeal was taken, appears in the appendix of the appellant's brief. The county judge states:
"The Petitioner sets forth that in 1942, in the Circuit Court of Dade County, Florida, Elizabeth Kreisel Ingham filed a Bill of Complaint for separate maintenance against Alfred Ingham, the present Administrator of this estate, and the Final Decree, pursuant thereto, was entered on the 5th day of February, 1943. Therefore, it appears from these facts that Alfred Ingham cannot be considered a deserter or as having abandoned his wife during her lifetime, but that they were living separate and apart after the entry of the Final Decree and by reason of that Decree.
"Although there was no evidence that Alfred Ingham was delinquent in the payments required by the Final Decree mentioned above, other than what may appear in the Dade County Circuit Court File, Chancery No. 76652-F, it will be assumed, for the sake of argument, that Alfred Ingham was delinquent in support money payments over a long period of time and for a considerable sum of money. Nevertheless, this Court is of the opinion that even though such was due and owing the decedent by her husband at the time of her death this did not constitute desertion and abandonment as contemplated by the authorities cited herein.
"In other words, the mere owing of money to the deceased by Alfred Ingham, her lawful husband at the time of her death, if such in fact were the case, would not preclude him from inheriting the estate of the decedent, she having died intestate and the surviving spouse being the sole heir under the provisions of Section 731.23 Florida Statutes [F.S.A.]."
In an annotation reported in 71 A.L.R. 277, through page 290, discussing misconduct, abandonment, adultery or another marriage of the surviving spouse as affecting marital rights in the other spouse's estate, it is stated on page 278 with reference to dower that:
"By the statute of Westminster II. passed in 1285 (13 Edw. I. chap. 34), the English parliament enacted that, `if a wife willingly leave her husband and go away, and continue with her advouterer,' she should be barred of her dower, unless her husband should afterward forgive her and take her *208 back. This ancient rule of law has generally been recognized as existing in the United States, either by adoption as part of the common law or by express enactment."
On page 285 of 71 A.L.R. with reference to distributive share, it is stated that:
"Desertion or abandonment is generally held to be a bar to any right to share in the estate of the deceased spouse."
Cases are cited from California, Connecticut, New Hampshire, North Carolina and Pennsylvania to support the principle that the deserting spouse could not inherit. A study of these cases, however, will show that the decision of the court was based on a statutory provision such as the case of Re Miller's Estate, 158 Cal. 420, 111 P. 255, where it was held that evidence was admissible to show the abandonment, since, to be entitled to the benefits of the statute, West's Ann.Prob.Code, § 645, the widow must be a member of the family at the time of the death of her husband.
In Kantor v. Bloom, 90 Conn. 210, 96 A. 974, the Connecticut statute, Gen.St. 1902, § 391, provided that neither party should be entitled to share in the other's estate if he or she, without sufficient cause, had abandoned the other and had continued such abandonment until the time of the other's death.
In Martin v. Swanton, 65 N.H. 10, 18 A. 170, a statutory construction is also involved.
In Re Lodge's Estate, 287 Pa. 184, 134 A. 472, the Pennsylvania statute, 20 P.S. § 1.6(b), provided that no wife who shall have, for one year or upwards previous to the death of her husband, wilfully and maliciously deserted her husband, have the right to claim any title or interest in and to his personal estate after his decease.
On page 286 of 71 A.L.R. it is further said:
"In a few jurisdictions the right to a share in the estate of the deceased is not affected by desertion or abandonment."
Cases are then cited from Alabama, Louisiana, Texas and Maine. Under this section it was held in a Louisiana case that a wife who had separated herself from her husband for a number of years was entitled to share in his estate since the separation from bed and board contemplated by the statute was a legal separation. See Gates v. Walker, 1853, 8 La. Ann. 277.
The question of misconduct of a surviving spouse affecting such spouse's right to an intestate share of the deceased spouse's estate has arisen only once in this state although numerous decisions abound in other jurisdictions. It is to be observed, however, that the cases from other jurisdictions are not too helpful due to the fact that the vast majority of the cases involve statutory construction in the various jurisdictions. Thus, the outcome of the instant case must be decided under general principles of this jurisdiction.
At the time of decedent's death, Elizabeth Ingham was still married to Alfred Ingham, although living apart. The decedent had been awarded a separate maintenance decree some 14 years previous. Under Florida Statutes § 65.10, F.S.A. the wife while either living with the husband or living apart from him through his fault may obtain such maintenance. From the wording of the statute it can be seen that the very term "suit for separate maintenance" contemplates that either at the commencement of the suit or soon thereafter the parties will be living apart. Indeed some states make living apart at the commencement of the action a condition precedent to the suit. (Ill., N.J., Iowa, Mass.) In the instant case the expectancy that the parties would be living apart is further strengthened by the testimony of the decedent and appellee during the separate maintenance proceeding. The record of that *209 proceeding clearly showed that a definite incompatability existed between the parties. Approximately one year after the rendition of the separate maintenance decree, the appellee left and was not heard from until after decedent's death.
The appellant contends that the absence of appellee for 14 years constituted an abandonment or desertion so as to estop appellee from inheriting under § 731.23. In the case of Doherty v. Traxler, supra, cited by appellant, the Supreme Court points out that the marriage which formed the basis of Doherty's right to inherit was an unconsummated marriage entered into for profit. That fact plus the adulterous conduct of Doherty for 20 years extending to time of the suit made a much clearer case of estoppel than is evidenced by the facts in the instant case.
The validity of the marriage between decedent and appellee has not been questioned. It appears from the record that the parties were married by a valid ceremony and lived together 17 years. There has been no allegation of misconduct other than the non-payment of support money. If it is true that at the time of Elizabeth Ingham's death, the appellee was indebted to her for a considerable sum of support money, this fact alone would not have sustained a charge of desertion or abandonment under our divorce statute, F.S.A. § 65.04, had Elizabeth lived and sued appellee for divorce.
In research of this question many cases interpreting statutes similar to the descent and distribution statutes of this state have been read. In the case of Re Estate of Cox, 1923, 95 Okla. 14, 217 P. 493, 494, 34 A.L.R. 432 the wife of deceased sought to be declared an heir of her husband even though she had left him two months after their marriage and had since entered into an adulterous relationship with another man. The statute, 84 O.S. 1951 § 213, under which the widow claimed her right provided:
"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner:
"First. If the decedent leave a surviving husband or wife, and only one child, or the lawful issue of one child, in equal shares to the surviving husband, or wife and child, or issue of such child."
The Oklahoma Supreme Court, in permitting the widow to take under the statute notwithstanding her adulterous conduct, stated:
"* * * While the subject may be one which the legislative branch of the government, which alone has the power to determine the rules of descent of property, might properly give attention, to the end that greater equity or justice might be done, in an extreme case as here presented, the court has no power to alter the law of descent, as it is written by the Legislature. The general rule which seems to have been applied by the courts in cases of this sort is fairly accurately set forth in 14 Cyc., at page 83:
"`In the absence of statutory provision to the contrary, the fact that a wife had abandoned or deserted her husband, or even the fact that she abandoned him and lived in adultery, does not bar her rights as surviving widow in his estate, except under an early English statute as to dower. And the same is true of a surviving husband's rights in his deceased wife's estate. * * *'"
A case more closely related factually to the instant case is In re Torres' Estate, 1942, 61 Nev. 156, 120 P.2d 816, 818, 139 A.L.R. 481. In the Torres case the facts briefly stated are: Albina Torres and Simon Hernandez were married in 1904, and *210 lived together about ten years. Hernandez then deserted and abandoned his wife Albina without any cause and cohabited with another woman. After deserting his wife, Hernandez did not communicate with or see her, nor contribute anything for her support. She died in 1937 leaving an estate of $6,600 which had been accumulated by her. Hernandez asserted his right as a surviving spouse under the Nevada statute, Sec. 9859, N.C.L. 1929 which provides:
"If he or she shall leave no issue, nor father, nor mother, * * * one-half of the separate property of the intestate shall go to the surviving husband or wife, and the other half thereof shall go in equal shares to the brothers and sisters of the intestate * * *."
The decedent was survived by a sister and two brothers who claimed as sole heirs. In support of this claim they alleged that there is an implied exception to the above statute which bars a husband guilty of desertion and abandonment from inheriting any part of the separate property of his deceased wife; and that Hernandez was also barred from such inheritance by reason of his misconduct, under the doctrine of equitable estoppel.
The Supreme Court of Nevada in holding that the husband was entitled to an intestate share under the statute stated:
"The great weight of authority is against respondents' contention that appellant is barred by his misconduct from taking any part of decedent's estate. (Numerous citations omitted)
"Respondents rely upon Arthur v. Israel, 15 Colo. 147, 25 P. 81, 10 L.R.A. 693, 22 Am.St.Rep. 381; Richeson v. Simmons, 47 Mo. 20; and an annotation in 71 A.L.R. 277, at pages 285, 286. In said annotation, at page 285, it is said that `Desertion or abandonment is generally held to be a bar to any right to share in the estate of the deceased spouse.' Six of the seven jurisdictions cited to support this proposition (Connecticut, Indiana, New Hampshire, North Carolina, Pennsylvania and West Virginia) have express statutory provisions barring a surviving spouse guilty of desertion or abandonment from sharing in the estate of the deceased spouse."
The discussion of this issue by the Court of Appeals of Maryland in Schmeizl v. Schmeizl, 186 Md. 371, 46 A.2d 619, very adequately summarizes the applicable law to be applied. The Court states at page 620 of 46 A.2d:
"It has long been established at common law that, in the absence of statutory provision to the contrary, a widow will not be barred from her right of inheritance in her husband's estate, even though she has deserted him and lived in adultery. Bryan v. Batcheller, 6 R.I. 543, 78 Am.Dec. 454; Meyers' Adm'r v. Meyers, 244 Ky. 248, 50 S.W.2d 81; Cox v. Cox, 95 Okla. 14, 217 P. 493, 34 A.L.R. 432; In re Torres' Estate, [61] Nev. 156, 120 P.2d 816, 139 A.L.R. 481; Loughran v. Loughran, 292 U.S. 216, 54 S.Ct. 684, 688, 78 L.Ed. 1219; 26 C.J.S., Descent and Distribution, § 59. Even if a wife contracted a bigamous marriage, she cannot be deprived of her widow's right of inheritance in her husband's estate, because the bigamous marriage is void and hence her status as widow is not destroyed. Brown v. Parks, 169 Ga. 712, 151 S.E. 340, 71 A.L.R. 271. In Pennsylvania it has been held that where a wife leaves her husband and lives in adultery she is barred from sharing in her husband's estate, but the Court predicated that decision upon a Pennsylvania statute [20 P.S. § 1.6(b)] providing that `no wife who shall have, for one year or upwards previous to the death of her husband, willfully and maliciously deserted her husband, shall have the right to claim any title or interest in his real or personal *211 estate.' In re Lodge's Estate, 287 Pa. 184, 134 A. 472, 473. * * *"
In answering the contention that an implied exception should be read into the Maryland statute of distribution, Code 1939, art. 93, § 130, the Court stated:
"* * * This statute prescribes positive and mandatory rules for the devolution of property making nearness of relationship to the intestate, and not character or conduct, the controlling factor in determining the right to inherit. The Court cannot adopt a public policy contrary to the plain provisions of the statute. The power to determine what is salutary for the people of the State resides in the Legislature. It is not the function of the Court to determine whether the public policy which finds expression in legislation of this character is well or ill conceived. Williams v. Mayor and City Council of Baltimore, 289 U.S. 36, 42, 53 S.Ct. 431, 433, 77 L.Ed. 1015. * * *"
Under the record in this case to sustain the contentions of the appellant, this court would be saying, in effect, that if a husband is living separate and apart from his wife under a decretal order granting to the wife separate maintenance and there is any delinquency in the payments of the support sums that the husband shall not be allowed to inherit any property from his wife on her death. Not only would this be an invasion of the rights of the Legislature of the State to determine the law of descent and distribution, but would create a tremendous confusion in the probate law of this State.
We do not depart in this opinion from the ruling of the Supreme Court in Doherty v. Traxler, supra, for, as we have pointed out, that case was one of extremes with reference to estoppel. As appears from the Court's opinion in Doherty v. Traxler, supra, a husband admitted that he had (a) married the decedent solely for the purpose of acquiring interest in her property; (b) twenty-four hours after the marriage, and without consummation by cohabitation, he had left for parts unknown; and (c) went through a bigamous marriage with another woman and lived happily with her in bigamy for a period of twenty years and was still living with her at the time petitioner sought to be appointed administrator of the decedent's estate. In fact, the author of the article "Descent and Distribution," 26A C.J.S. § 59 d. Illegal Second Marriage, bases the decision of the Florida Supreme Court in Doherty v. Traxler, supra, and the case of Minor v. Higdon, 215 Miss. 513, 61 So.2d 350, cited in the Doherty opinion, on a bigamous second marriage.
We hold under the facts in this case that the petition of the appellant did not set forth sufficient facts to show such an estoppel as would, in effect, change the law of inheritance of this State.
For reasons above stated, the order of the probate court is affirmed.
SHANNON, J., concurs.
THOMAS, ELWYN, Associate Judge, specially concurs.
THOMAS, ELWYN, Associate Judge (specially concurring).
It is my view that the judgment of the County Judge's Court of Broward County should be affirmed, and this conclusion is based on the failure of the appellant to allege conduct of the appellee which, if proved, would amount to estoppel against his claim to his estranged wife's estate. It seems to me that it is upon this ground and this ground only that the appellant could have prevailed.
The statute regulated the distribution of the estate in the absence of a will and none was executed by appellant's sister, appellee's wife. Sec. 731.23, Florida Statutes 1957, and F.S.A. Of course, the deceased could have settled the matter by the relatively simple means of disinheriting the appellee by will had she intended that he receive none of her property.
The sole question, to repeat, is whether or not he was estopped by his alleged behavior. The opinion of the Supreme Court *212 of Florida in Doherty v. Traxler, Fla., 66 So.2d 274, sets a pattern for forfeiture by misconduct of the right of a husband to claim inheritance under the statute on the theory that an attempt by an errant husband to secure such a right and obtain letters of administration is by nature an equitable proceeding which one with unclean hands may not pursue.
Comparison of facts averred in the instant case with those established in the cited one demonstrates that there is little resemblance. In the latter, the actions of the wayward and long-absent husband, both in his abandonment of his wife and his dealing with her estate, were denounced as a "nefarious scheme" by the Supreme Court. Review of the case confirms the accuracy of the label. In the present case, the husband, appellee, was living apart from his wife by judicial sanction. True, his payments of separate maintenance were in arrears. But this isolated shortcoming was not so gross as to defeat his claim by barring him from resort to a proceeding in its nature equitable.